SWYGERT v. GOODWIN.

SAME v. JONES.

SAME v. WILLIAMS.

SAME v. HINTON.

1. The summary mode provided by statute (*Gen. Stat.*, § 1819), for eject-ing tenants by warrant of a trial justice, is not unconstitutional, does not violate the right to trial by jury, is not beyond the jurisdiction of a trial justice, and does not involve any question of title to real property.

2. A mortgagee sold the mortgaged land under a power in her mortgage, and became the purchaser at such sale, and thereupon the mortgagor, under an express stipulation in the mortgage deed, became the tenant of such purchaser at a specified rental, the lease to terminate on non-payment of one month's rent. The rent not being paid, the purchaser, as landlord, instituted proceedings before a trial justice to obtain pos-session. *Held*, that, under this proceeding, it was not relevant to go into an accounting of the debt for which the mortgage was given.

Before PRESSLEY, J., Richland, July, 1889.

These were four separate proceedings, instituted by Abigail Swygert against Rachel Goodwin and her son, Ben, Harry Jones, Harry Williams, and Catherine Hinton, under section 1819 of General Statutes. The four cases were heard together. Mrs. Swygert held mortgages of the land in question against these par-ties, which mortgages gave to the mortgagee a power of sale after condition broken, with the right to become the purchaser, and contained a stipulation that the purchaser at such sale should have possession on the execution of a conveyance to him or her, and any holding of the premises thereafter by the mortgagor should be as tenant of the purchaser at a specified rental, with the right to obtain possession in cases of landlord and tenant determination of a lease ; said lease to terminate upon one month's notice to quit, and without such notice if one month's rent be due and unpaid. Mrs. Swygert on default sold under the power and herself became the purchaser and took deeds of conveyance.

*Mr. John Bauskett*, for appellant.

*Mr. R. W. Shand,* contra.

February 25, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. Abigail Swygert, the respondent, made applications to Trial Justice Muller, of the city of Columbia, Richland County, in this State, to have the defendants ejected from certain lands in said county, which she alleged they occupied as her tenants; further alleging that the lease in each case (four in number) had expired, that the rent past due had not been paid, that through her agent she had entered upon the premises and demanded possession, which had been refused. Whereupon the said trial justice issued a notice in each case, requiring the defendants to show cause before him, within three days after service, why they should not be ejected according to section 1819 of the General Statutes. The defendants made return to this notice, in which they denied that respondent was their landlord, that they owed any rent to her, or that she had title to the premises in question, alleging that the respondent claimed under an illegal and invalid purchase of the property, and that the defendant, Rachel Goodwin, was really the owner in fee of the premises, with the exception of some six acres which she had sold to the defendant, Ben Goodwin. These cases were heard by the trial justice together upon the testimony offered, and before he issued a warrant of ejectment the defendants petitioned his honor, Judge Fraser, for a writ of *certiorari,* which was granted, commanding the trial justice to certify and return to the Court of Common Pleas for Richland County, at the ensuing term, all proceedings had before him in the premises; which return being made, the matter then came up before his honor, Judge Pressley, who dismissed the proceeding in a short order, in which he decreed: "That the return of the trial justice was sufficient, and that all proceedings thereunder be dismissed, and the record be returned to the trial justice who tried the cases."

From this order the defendants have appealed upon the following exceptions: "1. Because his honor erred in holding that the section under which the notices to show cause was issued, to wit, sec. 1819, Gen. Stat. S. C., was not unconstitutional and void. 2. Because his honor erred in holding that said act and section,

to wit, 1819 of Gen. Stat. S. C., was not in violation of the Constitution of the United States. 3. Because his honor erred in holding that the relators were not entitled to a trial by jury, they having demanded the same before the trial justice. 4. That his honor erred in holding that the trial justice had jurisdiction of the matters before him. 5. That his honor erred in holding that the relators were not entitled to an accounting before the trial justice. 6. That his honor erred in holding that in those proceedings had for survey and revision of the proceedings before the trial justice, there being no other adequate remedy, he had no power to review the facts."

It does not appear in the order appealed from, what were the precise questions adjudged and determined by the presiding judge. The order simply held the return of the trial justice sufficient, and therefore dismissed the proceeding. The return of the trial justice states that in addition to the written returns made to him, the respondents claimed that section 1819 was in violation of the Constitution of the State and of the United States; that before going into the trial, the respondents demanded a jury, and that they claimed that the court was without jurisdiction, that the matter involved an accounting between the parties, and that the amount of the accounting was over one hundred dollars. As the trial justice, notwithstanding these objections, nevertheless proceeded to hear the cases, and as the presiding judge held his return sufficient, we suppose we may assume that his ruling sustained the trial justice in disregarding said objections, and therefore the exceptions are properly before us.

It has been decided in several cases in this State, under *certiorari* proceedings questioning the power of a trial justice to eject tenants, that the act of assembly in question was constitutional; that it did not violate the right of trial by jury; that trial justices had jurisdiction of such cases, and that raising the question of title did not oust that jurisdiction; and, further, that while the Circuit Court could test the question of the jurisdiction of the trial justice in such cases and correct his errors of law, it could not review the facts as found by him. See *O'Neale* v. *Fickling,* 10 S. C., 301; *State ex rel. Nesbit* v. *Marshall,* 24 *Id.,* 508; *Frazee* v. *Beattie,* 26 *Id.,* 352, where, we think, the ques-

tions above have been adjudicated as above. True, in the last case the tenancy was acknowledged, but that can make no difference, because it has been settled in other cases, that raising the question of title does not oust the jurisdiction of the trial justice. These cases, we think, conclude adversely the exceptions, 1, 2, 3, 4, and 6.

As to exception 5, in which it is complained that defendants were not allowed an accounting in the matter of the indebtedness of defendants to respondent, not for rent, but for a bond and mortgage previously executed to the respondent, and under the foreclosure of which by sale by the mortgagee, the respondent claimed title. We fail to see the relevancy of this exception. The bond and mortgage were existing papers, with the amounts promised to be paid expressed therein, and we do not see that in a contest like that before the trial justice, it was competent for him to go behind these papers into an inquiry as to the correctness of the consideration therein expressed. The questions before him were, were the defendants tenants of the respondent, had the rent been paid, and the lease expired? To these questions, it appears to us, the accounting claimed was irrelevant.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.