CARLISLE v. PRIOR.

1. ACT CONSTRUED—LANDLORD AND TENANT.—The act of 1894 (22 Stat., 823,) is two-fold—(1) to allow either party right of appeal in proceeding to eject tenant; (2) to permit tenant to stay further proceedings by entering into bond.

2. MAGISTRATE — TRIAL JUSTICE — LANDLORD AND TENANT—CASE FOLLOWED.—A magistrate in March, 1896, has the same authority in proceedings to oust a tenant as a trial justice had before Constitution of 1895. Following *Delk* v. *Zorn*, *ante*, 152.

3. LANDLORD AND TENANT—EQUITABLE OWNER.—Testimony in this case tends to show that plaintiff has waived his right of holding defendant as a tenant, and if so, the defendant is in possession under contract to purchase, and is equitable owner.

4. NOTICE TO QUIT.—A notice to a tenant to quit must state clearly, 1st, the right plaintiff has in the land; 2d, on what ground the proceeding is commenced.

Before WITHERSPOON, J., Laurens, August, 1896. Reversed.

Proceeding by John W. Carlisle, as executor of Simpson Bobo, to eject H. G. Prior, as tenant of his testator, on the following notice: Complaint having been made unto me by John W. Carlisle, as executor of the will of Simpson Bobo, deceased, that you, H. G. Prior, are now in unlawful possession of all that lot, tract, piece or parcel of land, situated in the said county and State, containing 170 acres, more or less, and bounded by lands of         which said tract of land belongs to the said estate, and of which you have been a tenant at the will of the plaintiff herein, and that you have refused and neglected to pay rent, and that you have refused and neglected to quit the possession of the said pre-

mises and surrender possession of the same to the plaintiff, although you have been legally notified so to do, and your lease has long since expired. These are, therefore, to command you to show cause before me, at my office at Laurens, S. C., within three days from the date of the personal service of this notice (at 11 o'clock A. M. on the third day, exclusive of the day of service), why you should not be dispossessed of the said land and premises, and the same be delivered to the said John W. Carlisle. Witness my hand and seal, this the 18th day of March, 1896. John M. Hudgens, Magistrate L. C., S. C. [L. S.]

The magistrate adjudged that the defendant be dispossessed, and from that judgment the defendant appealed to the Circuit Court. The following is the Circuit decree:

This is a proceeding to dispossess the defendant of a certain tract of land, under an act approved January 5th, 1895, page 823. The defendant having failed to show to the satisfaction of the trial justice, now magistrate, sufficient cause why he should not be dispossessed, the magistrate issued his warrant to have the defendant ejected from said premises. From said judgment of the magistrate court the defendant appeals to this Court, upon several grounds set forth in the notice of appeal. The act above referred to gives the right of appeal, "which appeal shall stay further proceedings, upon the tenants entering into bond to pay the landlord all damages which he may sustain thereby." The defendant appellant failed to comply with the provisions of the act, and upon this ground, if no other, it seems to me that the appeal should be dismissed. But if the defendant appellant fail to give bond, as required by the act, does not operate as a forfeiture of defendant's right of appeal under said act, I do not think that the appeal can be sustained upon any of the grounds set forth in the notice of appeal.

Appellant's counsel contends that the magistrate was without jurisdiction in the premises, as the legislature had failed to prescribe and define the limits of the jurisdiction of magistrates in civil cases under the Constitution ratified

December 4, 1895. I cannot concur in this view. It seems to me that section 10 of article XVII. and sub-divisions 3d and 6th of section 11 of the same article (17) was intended to authorize magistrates to discharge the duties there discharged by trial justices until the legislature should define the duties of magistrates, an office created by the new Constitution. See, also, section 20, article V., of the Constitution of 1895. It is further contended that, under section 21 of article V., the magistrate was without jurisdiction, as the title to the real estate was involved. The testimony clearly shows that the defendant appellant, in writing, admitted that he held possession of the land as tenant, and he cannot, therefore, dispute the title of his landlord, Simpson Bobo. The statute of limitation and adverse possession were also relied upon by the defendant, but I do not think either grounds can avail the defendant after his admission of his tenancy. The locations of the land in the summons or notice served upon the defendant is not definitely described, but the testimony shows that it is the land upon which the defendant appellant resides. The summons, rule or notice served upon the defendant, so far as the *locus in quo* is concerned, will stand amended so as to make the description of the *locus in quo* conform to the testimony, by showing the land in dispute to be the land upon which the defendant appellant resides.

It is ordered and adjudged, that the defendant's appeal be dismissed, and that the cause be remanded to the magistrate from whose judgment the appeal was taken, for such further proceedings as may be authorized by law.

The defendant appeals from this order on the following grounds:

I. Because his Honor erred in holding that defendant's appeal should be dismissed, because he did not enter into bond to pay the landlord all damages which he may sustain thereby.

II. Because he erred in holding that the magistrate had

jurisdiction in the premises, when the legislature had not prescribed and defined the jurisdiction of magistrates.

III. Because he erred in holding that sec. 10 of article 17, subdivision third and sixth, of sec. II. of same article, and sec. 20 of article V. of the Constitution of 1895, authorized magistrates to discharge the duties of trial justices until the legislature should define their duties.

IV. Because he erred in not holding the magistrate had no jurisdiction, when the title to real estate is in question.

V. Because he erred in holding that the testimony showed that the defendant held possession of the land as tenant of Simpson Bobo, and that he could not dispute his title.

VI. Because he erred in holding that neither the statute of limitations nor adverse possession could avail defendant.

VII. Because he erred in holding and directing that the summons, rule or notice stand amended by inserting therein description of the *locus in quo.*

VIII. Because he erred in not holding that the summons, rule or notice served upon the defendant did not state facts upon its face, jurisdictional or otherwise, sufficient to confer jurisdiction in this proceeding.

IX. Because he erred in not holding that the plaintiff, as executor, has no power to institute this proceeding.

X. Because he erred in not holding that the testimony established no relationship between defendant's and plaintiff's intestate, unless it be that of debtor and creditor.

*Mr. W. H. Martin,* for appellant, cites: *Summons defective:* 26 S. C., 208. *Ousting tenant:* 24 S. C., 610; Con. of 1895, sec. 20, art. V., and sec. 21; 24 S. C., 507. *Entry of landlord:* 4 S. C., 590.

*Mr. N. B. Dial,* contra, cites: *Summons:* 26 S. C., 208. *Tenant cannot dispute title of landlord:* 32 S. C., 146; 1 N. & McC., 369; 1 Speer, 225; 2 Rich., 542; 4 Rich., 590. *Amending summons:* Code 190, 191, 194; 9 S. C., 330; 12 S. C., 173; Code, 88, sub. 10–11.

Jan. 6, 1897.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The proceedings herein were commenced before a magistrate, on the 23d of March, 1896, to eject the defendant from the premises described in the notice, which, together with the order of his Honor, Judge Witherspoon, and appellant's exceptions to said order, will be set out in the report of the case.   The defendant, in his return to said notice to show cause, alleged that he was the owner in fee of 120 acres of said land, also raised the jurisdictional questions hereinafter mentioned.

On the 10th of December, 1869, E. M. Cooper purchased from J. B. Gray 400 acres of land in Laurens County, for which he received a deed of conveyance.   On this deed appears the following endorsement: "For value received, I assign to S. Bobo, or his assigns, 256 acres of the within tract of land, the balance having been conveyed to E. Patterson.   I have given my bond to S. T. Prior and H. G. Prior for title to the remainder when they pay the balance of $1,447.85, and ten per cent. interest thereon; and if the same is paid by the 25th of December, then they are to have title to the land, otherwise the land is the property of S. Bobo or his assigns.   Witness my hand and seal, March 17th, 1875.   E. M. Cooper. (Test.) Mark Cooper."

H. G. Prior executed the following instrument of writing on the 12th of December, 1883: "$770.   By the 4th of November next, I promise to pay Simpson Bobo or order $770, with interest at ten per cent. from 4 November last, balance for the land whereon I live, containing 170 acres, more or less.   Now, if I fail to pay the above amount when due, I am to pay rent for the next year, 1884, one-third of all that is made on the premises, and give possession on demand. Value received, December 12th, 1883.   H. G. Prior. (L. S.)" There were other transactions prior to this period, but they are not material in the consideration of the case.

Simpson Bobo died in 1885, leaving a will, the third clause of which is as follows: "3. The remainder of my estate I give to my wife during her life, and at her death

to be equally divided between my children, after making all equal, as in the second clause of this will is indicated. Some in that book have a little more than others. Let all be made equal in the book, and divide the remainder equally. I have some land and lots unsold, which will be found in a statement among my land papers, and I have sold several lots to parties, and have their notes for the purchase money. They have my bond for titles. If the notes are paid off, my executor shall make them titles to those lands and all others embraced in the division between the legatees. I desire that there shall be no sale of property, but that it be appraised by three disinterested men and divided by lot or otherwise, as may be agreed upon. I appoint Jno. W. Carlisle as my executor."

The case was heard by the magistrate, who, on the 20th of May, 1896, "adjudged that the warrant of ejectment do issue, and the defendant be dispossessed of the land and premises on which the defendant lives, and the plaintiff or his agent be put in possession of the same." · Prior appealed from said judgment. The case was heard by his Honor, Judge Witherspoon, who dismissed the appeal.

A preliminary question has been raised as to the defendant's right to appeal without giving the bond mentioned in the act of 1894, page 823. The proviso to that act is as follows: "Provided, further, that either party to this proceeding shall have the right to appeal, which appeal shall stay further proceedings, upon the tenant's entering into bond to pay the landlord all damages which he may sustain thereby." The object of this proviso is twofold: 1st, to allow either party to the proceeding the right to appeal, and 2d, to allow the tenant the right to stay further proceeding upon entering into bond to pay the landlord all damages which he may sustain thereby. His Honor was, therefore, in error in his construction of said proviso.

Three jurisdictional questions are raised in this case: 1st. Was the magistrate without jurisdiction in the premises?

2d. Was the title to real estate in question?. 3d. Was the notice fatally defective?

The first of these questions has been disposed of by the recent decision of this Court, in the case of *Delk* v. *Zorn*, *ante*, 152.

We will next consider the second question, to wit: Was the title to real estate in question? This question does not depend simply upon a construction of the writing signed by H. G. Prior on the 12th of December, 1883.

The provisions of the will hereinbefore mentioned tend to show that Simpson Bobo did not intend to insist upon his right to regard H. G. Prior as a *tenant*. The testimony of the plaintiff also tends to show that there was a *waiver* of the right to insist upon the latter part of said contract. If there was a *waiver*, then the defendant was not a *tenant*, but in possession under a contract to purchase, which made him the equitable owner of the property. *Fogle* v. *Episcopal Church*, 48 S. C., 86. Under such circumstances, the title to real estate would undoubtedly be in question, and the defendant could not be ejected in this summary proceeding.

The last question for consideration is, whether the notice was fatally defective. The notice was fatally defective in the following respects: 1st. It does not show what right the plaintiff has in the land entitling him to institute this proceeding; simply being the executor of the will does not confer such right. 2d. It does not clearly appear on what grounds the proceeding was commenced against the defendant. In the case of *Goodgion* v. *Latimer*, 26 S. C., 208, Mr. Chief Justice Simpson, in behalf of the Court, said: "There are four classes of cases in which trial justices have jurisdiction in matters of ejectment by summary action. 1st. Where tenants desert the premises and fail to pay the rent. General Statutes, sections 1814–1816. 2d. Where tenants hold over after the determination of any lease—two trial justices having jurisdiction in such case. 3d. Where any persons have gone,

or shall hereafter go, into possession of any land or tenements of another, either as tenant at will or under contract to serve another as a domestic servant or common laborer, or otherwise, and shall refuse or neglect to give up the premises so occupied, when required by the person letting the same, or upon the determination of the contract, either by its own limitations or for any other cause, the trial justice may proceed to eject, after ten days notice. Gen. Stat., sec. 1818. 4th. In all cases where tenants hold over after the expiration of their leases or contracts of rent, whether the same be in writing or by parol, or shall fail to pay the rent when it shall become due, upon the landlord entering and demanding possession, with a refusal to surrender, he may apply to a trial justice, who may eject upon three days notice. Gen. Stat., sec. 1819. Now, to give a trial justice jurisdiction, the record must show a case falling under some one of these sections." The allegations of the notice are so confused and indefinite that it is impossible to say under which of said classes the defendant would fall.

The *locus in quo* is very vaguely described, but perhaps sufficiently definite to have prevented a dismissal of the proceedings, if this had been the only ground urged against it. As the case is disposed of on *jurisdictional* grounds, the exceptions relative to the merits of the case will not be considered.

It is the judgment of this Court, that the order of the Circuit Court be reversed.