7045

## LEWIS v. COOLEY.

1. LANDLORD AND TENANT—MORTGAGES.—Proof here shows that relation of mortgagor and mortgagee once existed but that it had been terminated by mortgagee surrendering his bond for title and executing a rent note, and magistrate had the right to eject him as tenant holding over.

2. MAGISTRATE—APPEAL—JURISDICTION.—Where the facts are undisputed,
a conclusion by the Circuit Court, on appeal from magistrate, is one
of law and may be reversed by this Court.

Before HYDRICK, J., Greenville, December, 1907. Reversed.

Action by R. A. Lewis against Reuben Cooley. From judgment for defendant, plaintiff appeals.

*Mr. J. J. McSwain,* for appellant, cites: *Cooley could not interpose an equitable defense to an admitted legal title in ejectment:* 11 Am. St. R., 597; 21 Id., 607; 22 Id., 531; 16 S. E., 322; 15 Id., 753; 8 Id., 887; 32 S. C., 146.

*Mr. B. M. Shuman,* contra, cites: *Issue of tenancy was question of fact for magistrate:* 10 S. C., 301; 48 S. C., 149, 183; Code 1902, 2423. *The relation of mortgagor and mortgagee existed, and was not extinguished by giving rent notes:* 41 S. C., 163; 37 S. C., 489; Code 1902, 2651-2; 29 S. C., 544; 1 Brev., 448; 1 Jones on Mtg., secs. 6, 7; 2 Story Eq., sec. 1019.

November 16, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. This was a summary proceeding in ejectment before a magistrate, under sec. 2423, Civil Code. The defendant made return, which admitted that legal title to the premises was in plaintiff, but denied that he was tenant of plaintiff, alleging that the relation between defendant and plaintiff was that of mortgagor and mortgagee; that defendant was in possession as equitable owner of the premises; and that, upon an accounting between them, defendant would owe plaintiff very little. Upon the evidence submitted the magistrate granted the writ of ejectment, holding that defendant was tenant of said premises, under plaintiff

as landlord, holding over after expiration of lease, after due notice to quit and demand for possession. On appeal by defendant to the Circuit Court, Judge Hydrick reversed the judgment of the magistrate and dismissed the proceedings, holding that the relation of mortgagor and mortgagee existed between defendant and plaintiff, and that the plaintiff must seek his relief in equity.

The facts as found by the Circuit Court are as follows: "The testimony shows that the defendant has been in possession of the land from which it is sought to eject him since 1876; that at one time he had the legal title to it, and mortgaged it to G. A. Norwood, who foreclosed his mortgage, and the land was sold by the master to one Seaborn, who bought and held the title for defendant under some arrangement, which does not appear; that on November 26, 1894, Seaborn, by consent and agreement between the defendant and R. A. Lewis & Co., sold to them, who were to hold the title for the defendant, and they gave him a bond for title, and took his note for the purchase money. Subsequently, the other members of the firm of R. A. Lewis & Co. conveyed their interest in the land to R. A. Lewis. During all these transfers defendant continued in possession, paying the taxes, making some improvements, and treating the land as his own. These facts constitute the relation of mortgagor and mortgagee between the defendant and the plaintiff. *Tant* v. *Guess,* 37 S. C., 489, 15 S. E., 559.

"On December 9, 1903, the defendant surrendered to R. A. Lewis the bond for title which had been given him by R. A. Lewis & Co., and gave R. A. Lewis a note, agreeing to pay him $100, as rent, for the place for the year 1904. Similar notes were given for the years 1905 and 1906. Having defaulted in his payments, the plaintiff gave him notice to quit, and, upon his refusal, instituted this proceeding to eject him."

There was no evidence whatever of any arrangement between Seaborn and defendant concerning the land; hence

it could not be said that there was any relation as mortgagor and mortgagee between defendant and Seaborn. R. A. Lewis & Co. purchased from Seaborn, and received his deed for the land November 26, 1894, and on February 11, 1896, R. A. Lewis acquired the interests of the other members of the partnership of R. A. Lewis & Co. On the day R. A. Lewis & Co. received the deed from Seaborn they entered into a contract with defendant, binding themselves to sell the land to defendant on condition that he pay them $771, with interest, on December 1, 1895. This contract further stipulated that, in case of failure to meet such payment, defendant was to pay $195, as rent, for the year 1895, and a like sum for each year he may afterwards remain on or cultivate the land.

There was no evidence whatever of any relation existing at that time between plaintiff and defendant as to the land, except that defendant was in possession under the above contract. This circumstance, standing alone, would show a possession under contract of purchase, which would make defendant equitable owner of the property and prevent ejectment under summary proceedings. *Carlisle* v. *Prior,* 48 S. C., 189, 26 S. E., 244. But there was default in the payment of the purchase money, and under the contract defendant acknowledged tenancy under plaintiff in the event of such default. There was no evidence that plaintiff had waived his right to hold defendant upon default of payment of purchase money. On the contrary, the delivering up of the bond for title and the giving of the rent notes, which defendant testified he understood to be rent notes, afford evidence of insistence on the part of the plaintiff and recognition on the part of defendant that the relation was that of landlord and tenant. A written contract of sale may be rescinded and a rent contract substituted, even by parol. *Fripp* v. *Fripp,* Rice Eq., 108; *Moseley* v. *Witt,* 79 S. C., 141. Plaintiff testified that he "paid the taxes," but there was no evidence that he paid the taxes after giving up the

bond for title, which stipulated that he should pay taxes; nor was there any evidence that he made any improvements on the place after the surrender of the bond for title; on the contrary, plaintiff testified that the houses were repaired before the bond was surrendered, and that he furnished the timber, etc., charging it to defendant's account. Furthermore, there was no testimony that anything had been paid on the purchase price before or after the surrender of the bond for title. C. C. Cooley, son of the defendant, who worked a portion of the land, and signed the first rent note, testified: "We did not pay the money we promised on the land." Plaintiff testified: "He never did pay anything on the land." Defendant merely testified: "He got six or seven bales of cotton a year; sometimes eight bales." During all this time plaintiff furnished supplies to defendant to make the crop, and sold him two mules, and paid for another. Defendant further testified: "I ran behind $125, which I owed him. I owed Lewis about $400 when I carried the mules to him." "I signed the note for the mules, and he let me take the mules back." Defendant further testified: "I knew it was a rent contract. I never had the papers taken up. I knew the bond was binding." And, further, he said: "I have never said I owned the land." J. J. McSwain, without contradiction, testified that a few days after October 29, 1906, defendant came to see him, in response to a letter, and said that he had given up the land, and wanted to know how much Lewis would take for the land, and also to satisfy the chattel mortgage on the mules, upon which he said he owed $175; and that defendant further stated that he had paid Mr. Lewis, on all accounts, for 1903 and 1904, $95, and paid nothing for 1905.

It is perfectly manifest that there is nothing in the testimony to support the finding of the Circuit Court that the relation of plaintiff and defendant as to the land was that of mortgagee and mortgagor, but that the only inference of which the evidence is susceptible is that defendant was

tenant of plaintiff. *Swygert* v. *Goodwin*, 32 S. C., 146, 10 S. E., 933; *Brewer* v. *McNab*, 36 S. C., 274, 15 S. E., 233.

It is true this Court has no jurisdiction to review the findings of fact by the Circuit Court on appeal from a magistrate's court; but the question presented here is one of law, whether upon the undisputed facts defendant was a tenant, holding over after the expiration of lease, within the meaning of sec. 2423. It was within the jurisdiction of the magistrate to determine that defendant was tenant, within the meaning of the statute, and we think he rendered the only judgment proper under the circumstances. Magistrates, under art. V, sec. 1 of the Constitution, have no jurisdiction in cases where the title to land is in question, or in cases in chancery; but the proof here made is insufficient to oust the magistrate of jurisdiction under sec. 2423.

The judgment of the Circuit Court is reversed, and the judgment of the magistrate's court is affirmed.