# 11415

## STEWART-JONES CO. v. SHEHAN

### (121 S. E., 374)

1. MAGISTRATES—JUSTICES OF THE PEACE—ATTEMPTED DENIAL OF LAND-LORD'S TITLE HELD NOT TO OUST MAGISTRATE OF JURISDICTION OF SUMMARY PROCEEDINGS.—Notwithstanding Const. Art. 5, § 21, providing that jurisdiction of Magistrates does not extend to cases where title to realty is in question, mere attempt to deny landlord's title or assertion of a superior title will not oust the Magistrate of jurisdiction in a summary proceeding.

2. LANDLORD AND TENANT—TENANT ESTOPPED TO DENY LANDLORD'S TITLE.—A tenant is estopped by his relationship to deny his landlord's title.

3. LANDLORD AND TENANT—RELATION HELD PREREQUISITE TO MAGISTRATE'S JURISDICTION IN SUMMARY PROCEEDING.—The conventional relationship between landlord and tenant is a prerequisite to the assumption and exercise of jurisdiction by a Magistrate in a summary proceeding.

4. LANDLORD AND TENANT—WHETHER RELATIONSHIP OF LANDLORD AND TENANT EXISTS HELD FACT QUESTION FOR MAGISTRATE.—In a summary proceeding to recover possession of the premises, it is competent for the Magistrate to determine as a fact whether the relationship of landlord and tenant exists.

5. LANDLORD AND TENANT—RELATIONSHIP MUST BE CREATED BY CONTRACT.—Without a contract between the parties, expressed or implied, the relationship of landlord and tenant cannot exist.

6. LANDLORD AND TENANT—EVIDENCE HELD NOT TO SHOW RELATION-SHIP.—In a summary proceeding, evidence *held* not to show the relationship of landlord and tenant.

7. APPEAL AND ERROR—JUDGMENT NOT REVERSED WHERE EVIDENTIARY BASIS FOR TRIAL JUDGE'S FINDINGS EXISTS, AND CONCLUSION WAS CORRECT.—Where there is ample evidentiary basis for the trial Judge's finding, and his conclusion thereupon was correct, under Const., Art. 5, § 21, and Code Civ. Proc., 1922, § 225, the judgment may not be reversed for error of law.

8. COSTS—COST OF PRINTING AMENDMENTS WHICH WERE DISALLOWED EQUALLY DIVIDED.—Where part of the matter in respondent's proposed amendments to the case which were rejected was pertinent to a satisfactory understanding of the appeal, and part was not materially relevant, and appellant's exceptions were overruled on appeal, *held,* that the cost of printing the proposed amendments in the appendix should be equally divided between appellant and respondent.

Before MAULDIN, J., York, 1923. Exceptions overruled, costs of printing case on appeal divided and judgment of Circuit Court affirmed.

Summary proceeding by the Stewart-Jones Co. against R. L. Shehan. From a judgment of the Circuit Court ruling that the magistrate was without jurisdiction of the proceeding plaintiff appeals and from an order settling case for appeal defendant appeals.

*Messrs. Dunlap & Dunlap,* for appellant, cite: *Action brought under Civil Code* 1922, Sec. 5279. *Magistrate had jurisdiction:* Code Proc., 1922, Sec. 213; 10 S. C., 301; 24 S. C., 508; 106 S. C., 227. *Notice of appeal imperative:* 20 S. C., 581. *Finding of magistrate confirmed by the Circuit Court as to a fact is binding:* 79 S. C., 56. *Additional grounds not available in law case:* 72 S. C., 179.

*Mr. William J. Cherry,* for respondent, cites: *Title in question:* 1 S. C., 258; 26 S. C., 208. *Summary proceedings against tenant can be maintained only when there is the relationship of landlord and tenant:* 16 R. C. L., Sec. 706; 18 Enc. L., 436; 169 U. S., 295; 123 Ky., 552; 86 A. S. R., 607; 21 Am., Dec., 217; 49 L. R. A., 435; 81 S. C., 461. *A tenant may dispute title of one claiming under the landlord:* 16 R. C. L., Sec. 156; 18 Enc. L., 419; 22 Am. Dec., 557; 33 Am. Dec., 745; 49 Am. Dec., 389; 89 A. S. R., 111.

February 7, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Appeal from an order of his Honor, T. J. Mauldin, Circuit Judge, overruling the issuance by a magistrate of a warrant directing dispossession of an occupant of real estate in a proceeding sought to be maintained under Section 3509, Civ. Code 1912, now Section 5279, Vol. 3, Code 1922.

The facts giving rise to the controversy appear to be substantially as follows:

The Stewart-Jones Company, a corporation, the appellant here, brought action, presumably in the Circuit Court, against one D. B. Hankins, and on August 5, 1922, attached a house and lot in Rock Hill as the property of Hankins. Judgment by default was recovered in that action, and the house and lot were sold by the sheriff under execution. The Stewart-Jones Company bought this property at the sheriff's sale, and received a deed therefor, dated November 13, 1922. Thereafter Stewart-Jones Company instituted this proceeding in a Magistrate's Court to eject R. L. Shehan, the respondent here, from the premises so conveyed to it by the sheriff's deed, alleging that the plaintiff was the owner of the premises, that Shehan was in possession and was holding over the said premises, that he had failed and refused to pay rent after demand, and that demand for the possession had been made. Shehan demurred to the complaint. The magistrate overruled the demurrer, and Shehan then answered, denying that the plaintiff was the owner or was ever in possession of the premises, or that the relation of landlord and tenant had ever existed between plaintiff and defendant, by contract or otherwise, and alleging that the premises were owned by Mrs. D. B. Hankins, under whom he had been in occupation of the premises as tenant from August 1, 1922, and to whom he had paid the rent in full to January 1, 1923. Shehan adduced evidence tending to establish the facts set out in his answer. No evidence was adduced to establish that the Stewart-Jones Company was ever in actual possession of the premises, or that Shehan, as tenant, had ever attorned to said company or to D. B. Hankins as landlord.

On appeal from the magistrate's judgment the Circuit Judge held, in substance, that it appeared on the trial from the plaintiff's own showing that the title to real property was in question, and that such title was disputed by the defendant, and hence that the magistrate was without jurisdiction. Code Civ. Proc. 1922, § 225. From the judgment

based on that ruling, the plaintiff appeals. From an order settling the case for appeal, the defendant appeals.

### PLAINTIFF'S APPEAL

The three exceptions advance substantially the one proposition that—

"The question of title cannot be so raised in a summary proceeding as to oust the magistrate of jurisdiction, and can only be an issue as to whether the defendant has shown sufficient cause as to why he should not be ejected."

That contention is based upon the decisions of this Court in *State, etc., v. Fickling,* 10 S. C., 301. *State, etc., v. Marshall,* 24 S. C., 507. *State, etc., v. Fort,* 24 S. C., 519. *Swygert v. Goodwin,* 32 S. C., 148; 10 S. E., 933, etc. The ruling relied on is thus stated (Willard, C. J.), in *State ex rel. O'Neale v. Fickling, supra.*

"The proceeding sought to be asserted was brought by the respondent, D. Utley, before the respondent F. W. Fickling, as trial Justice, to eject the relator, L. A. O'Neale, from certain premises alleged to be held by her as tenant at will of the said Utley. The relator joined issue on the petition, denying the existence of a tenancy at will, alleging want of title in the petitioner and title in herself. The petition was filed under Section 12, C. 84, of the General Statutes, p. 435. The first ground of appeal is for error in holding that the proceeding was not an action. The section in question was enacted prior to the adoption of the Code of Procedure, at a time when it could not in any sense be regarded as an action, nor is anything pointed out in the Code that can have the effect of changing its nature. If the jurisdiction conferred by the statute in question is to be regarded as constituting an action, then, under Section 74 of the Code it is denied to a trial Justice. That this was not intended is evident from the fact that this section was reenacted as part of the General Statutes after the Code took effect. It follows that subdivision 2 of Section 81 of the Code, that excludes trial Justices from the cognizance

of 'civil actions' where the title to land is in question, is inapplicable to the case. * * * The third ground of appeal is that it appeared on the face of the return that the relator was not a tenant at will of the respondent, D. Utley. It was for the trial Justice to ascertain by proofs whether the relation of landlord and tenant existed between the parties, and, if a tenancy existed, whether it was of the character that the statute required."

In the case of *Swygert v. Goodwin, supra,* the Court (Simpson, C. J.), said:

"It has been decided in several cases in this State, * * * that trial Justices had jurisdiction of such cases, and that raising the question of title did not oust that jurisdiction;" etc.

The cases cited, however, were decided before the adoption of the Constitution of 1895, and the reason assigned for the ruling, viz., that the limitation upon the jurisdiction of a trial Justice imposed by the Code applied to "actions" only, and not to special proceedings, would seem to be no longer tenable in view of the provision of the present Constitution (Article 5, § 21) that the jurisdiction of magistrates shall not extend "to cases where the title to real estate is in question."

But we think the ruling may be substantially adhered to without infringement of the present constitutional provision. The rule may be rested and soundly grounded upon the perfectly valid assumption that the issue of title cannot properly arise in such a proceeding, for the reason that the proceeding contemplated and authorized by the statute is one by a landlord against a tenant who is estopped by the relationship to deny his landlord's title, 16 R. C. L., p. 649, § 137. *Whaley v. Whaley,* 1 Speers, 225; 40 Am. Dec., 594. *Givens v. Mullinax,* 4 Rich., 590; 55 Am. Dec., 706; Section 5279, Vol. 3, Code 1922. The language of the statute (Section 5279, Code 1922) is as follows:

"In all cases where tenants hold over after the expiration of their lease or contract for rent, whether the same be in writing or by parol, or shall fail to pay the rent when the same shall become due, the landlord is hereby authorized and empowered, either in person or by agent, to demand possession thereof from the tenant or person in possession thereof; and in case of refusal or resistance, it shall be lawful for the person so letting said premises, houses or tenements, his agent or attorney, to apply to a Magistrate," etc.

By its express terms the statute is applicable only to a case where the relationship of landlord and tenant actually exists. The Courts of other jurisdictions, in construing similar statutes, have generally, if not universally, held that, in order to maintain such summary proceedings, it is essential that the conventional relation of landlord and tenant exist. 16 R. C. L., p. 1183, Par. 706; 18 Ency., Law (2d Ed.), 436; 437. That view is thus well expressed by the Minnesota Court:

"The foundation fact upon which the jurisdiction rests is that the tenant is in possession of the land in consequence and by virtue of that relation, and unlawfully withholds possession after a default in the performance of the terms upon which he entered, or after his term has expired." *Steele v. Bond,* 28 Minn., 273; 9 N. W., 775, cited and quoted in *Willis v. Eastern Trust, etc., Co.,* 169 U. S., 295; 18 Sup. Ct., 347; 42 L. Ed., 752.

That the existence of the conventional relation of landlord and tenant is a prerequisite to the assumption and exercise of jurisdiction by the magistrate in such proceedings is clearly recognized and assumed in our own decisions. *Goodgion v. Latimer,* 26 S. C., 208; 2 S. E., 1. *Carlisle v. Prior,* 48 S. C., 183; 26 S. E., 244. *Lewis v. Cooley,* 81 S. C., 461; 62 S. E., 868.

Necessarily, therefore, it is competent for the magistrate to determine as a fact whether the relation of landlord and tenant exists. *Lewis v. Cooley, supra.*

Otherwise any tenant, by merely denying the landlord's title or by asserting superior title in himself or in another, could oust the magistrate of jurisdiction and frustrate the plain and salutary object of the statute. On the other hand, it is equally apparent that by merely asserting the claim that another is in possession of real estate as his tenant a party may not be permitted to use the summary statutory proceeding to eject the true owner of the premises or one in possession under the true owner. *Carlisle v. Prior, supra.* Hence the question of fact, to be resolved by the magistrate, and to the determination of which he is of necessity limited when the question of title is sought to be raised, is this: Was there a contract between the parties, express or implied, which created the relation of landlord and tenant? Without such contract that relation cannot exist. 16 R. C. L., 541; Par. 13. If it does exist as the result of such contract, then the tenant is estopped to deny the title he has contracted to recognize, and may not inject that issue to deprive the magistrate of jurisdiction in a proceeding under the statute.

Applying the foregoing views to the case at bar, we are clearly of the opinion that the Circuit Judge's conclusion that the magistrate was without jurisdiction, and that the proceedings should be dismissed, was correct. The plaintiff neither definitely alleged that the relation of landlord and tenant existed, nor adduced any evidence tending to establish that relationship. It asserted ownership under a sheriff's deed, which purported to convey the title of one D. B. Hankins, claimed that the defendant was in unlawful possession after demand, and that he had failed and refused to pay rent. There was no evidence of any contract of any character, express or implied, between the plaintiff, or its alleged predecessor in interest, and the defendant, to which the relation of landlord and tenant could, in any view, be attributed. The facts made a case to recover possession of real estate and to charge an alleged

trespasser with damages for unlawful occupation. If so, it was not the summary proceeding by a landlord to eject a tenant authorized by the statute, and the proposition that the issue of title could not be raised so as to divest the magistrate of jurisdiction does not apply.

It is insisted, however, that the magistrate's judgment involved a finding of the essential fact that the relation of landlord and tenant existed, and that the proceeding was properly brought under the statute; that such finding of fact was not reversed by the Circuit Judge; and, hence, that his conclusion was rested wholly upon an erroneous view of the law, viz., that the raising of the issue of title divested the magistrate of jurisdiction in such a proceeding. The contention is untenable. The magistrate's order sets out in full his findings and conclusions, and it does not appear that he found as a fact that the relation of landlord and tenant existed. If it had so appeared, the Circuit Judge's finding was that—

"From the showing made by the plaintiff before the magistrate both in setting forth its contention and by way of evidence in substantiation thereof the title to the land involved was in question."

Such a showing was entirely inconsistent with the showing essential to the assertion of a landlord's right to eject a delinquent tenant under the statute. The Circuit Judge's finding and the legal conclusion therefrom were therefore equivalent to a reversal of the magistrate's finding of fact, if any there was, to the effect that such relation of landlord and tenant existed as would support the case as a summary proceeding under the statute. As there was ample evidentiary basis for the judge's finding, and as his conclusion thereupon was correct (Code Civ. Proc., 1922, § 225; Const. 1895, Art. 5, § 21), the judgment may not be reversed for error of law. The exceptions must therefore be overruled.

DEFENDANT'S APPEAL

The complaint filed in the magistrate's Court and the testimony adduced before the magistrate were pertinent and material to a satisfactory understanding and consideration of the appeal, and defendant's proposed amendments to the case directed to the inclusion of that matter should have been allowed. The remainder of the matter printed in the appendix was not materially relevant, and the proposed amendments thereto directed were properly disallowed. The cost of printing the appendix should be divided equally between the appellant and the respondent; and it is so ordered.

Subject to the foregoing ruling as to cost of printing, the judgment of the Circuit Court is affirmed.