## 16816

### BALDWIN v. BALDWIN
(79 S. E. (2d) 459)

*Messrs. J. Stokes Salley* and *T. B. Bryant,* of Orangeburg, *for Appellant,*

*Marshall B. Williams, Esq.,* of Orangeburg, *for Respondent,*

January 6, 1954.

STUKES, Justice.

The factual statements in the respective briefs of appellant and respondent in this appeal, are not in accord. Therefore

that contained in the agreed transcript of record, by which they are bound, is here reproduced:

"This action was commenced by the service of the Complaint together with a Rule to Show Cause, issued by Honorable C. E. Summers, Judge of the Orangeburg County Court, on the defendant, dated July 27, 1953. The Complaint, upon which the Rule to Show Cause was issued, sought the recovery of the property and the ejectment of the defendant therefrom by reason of the fact that the defendant had failed to comply with his contract to do farm work for the plaintiff for the period of one year.

"In due course the defendant filed a Return to the Rule to Show Cause, wherein he denied the relationship of landlord and tenant and further alleged ownership of the property by way of parol gift and adverse possession.

"The County Judge requested counsel to appear before him for the purpose of determining the proper and correct procedure in the matter. At the conference with the Judge the attorneys discussed the matter of procedure and how the case would be tried.

"Without taking any testimony, the County Judge took the matter under consideration and issued an Order dated August 21, 1953, in which he found as a matter of fact that the relationship of landlord and tenant did not exist, and ordered a jury trial to determine the sole question of the defendant's title to the property by parol gift and by adverse possession."

The exceptions are sufficient to raise the obvious point that the court erred in proceeding without giving appellant opportunity to offer evidence to establish that the relation of landlord and tenant existed between him and respondent. The proceeding was under section 41-101 of the Code of 1952, which follows: "The tenant may be ejected upon application of the landlord or his agent when (a) such tenant fails or refuses to pay the rent when due or when demanded, (b) the term of tenancy or occupancy has

ended or (c) the terms or conditions of the lease have been violated." Procedure thereupon is prescribed in the ensuing sections, to which reference may be had.

Section 41-5 of Title 41, Landlord and Tenant, provides that judges of the county courts shall have concurrent jurisdiction with magistrates in such cases, which is not questioned in this appeal. Therefore the judge of the county court sat in this case as a magistrate and with the jurisdiction and power of such.

It was pointed out in the leading case of *Stewart-Jones Co. v. Shehan,* 127 S. C. 451, 121 S. E. 374, which was decided under a similar statute, that a defending tenant cannot oust the magistrate (here county judge) of jurisdiction of such a summary proceeding and defeat the object of the statute by merely asserting title in himself or another; and the magistrate (here county judge) shall determine the fact of whether the relation of landlord and tenant exists between the parties, which can be done only upon consideration of the evidence which is adduced by them. Section 41-106 provides for trial by jury upon demand of either party.

If it should hereafter be properly determined by the judge, sitting as a magistrate, that the landlord-tenant relation does not exist between appellant and respondent, he will dismiss the rule and his jurisdiction, so far as this summary proceeding of ejectment is concerned, will be at an end. *Ex parte Associated Hotels,* 144 S. C. 483, 142 S. E. 600.

Error is manifest upon the record which has been quoted. The order under appeal is therefore reversed and set aside, and the proceeding remanded to the county court.

Reversed and remanded.

BAKER, C. J., TAYLOR and OXNER, JJ., and G. BADGER BAKER, Acting Associate Justice, concur.