## HILLHOUSE v. JENNINGS.

1. STATUTE OF FRAUDS—PAROL LEASE—LANDLORD AND TENANT.—A parol lease of lands for one year, to commence at a future date, is not within the statute of frauds. Rules relating to possession under parol leases and rights of landlord and tenant thereunder stated.

2. LANDLORD AND TENANT—PAROL LEASE—CAUSE OF ACTION—TRESPASS.—Tenant in possession of lands under a parol lease for twelve months has right of action for trespass during that time.

3. VERDICT.—Where the allegations of a complaint and evidence in response thereto do not warrant plaintiff to relief sought, Court may direct a verdict for defendant.

4. LANDLORD AND TENANT—CAUSE OF ACTION—DAMAGES—BURDEN OF PROOF.—Proof of peaceable possession under parol contract is sufficient to sustain action by lessee for damages for trespass, throwing on defendant burden of proof of better title.

5. IBID.—PLEADINGS—COMPLAINT.—Allegations of complaint sufficient to create lease of dwelling, cattle lot, stables and barn.

Before BUCHANAN, J., Greenville, July term, 1900. Reversed.

Action by E. Y. Hillhouse against L. I. Jennings for damages for ejecting tenant. From judgment directing a verdict, plaintiff appeals.

*Messrs. Carey, McCullough & Martin,* for appellant. The two former cite: *Plaintiff should have been allowed to prove the allegations of trespass on realty, and in any event so far as they relate to personalty:* 58 S. C., 145.

*Messrs. Haynsworth, Parker & Patterson,* contra, cite: *A parol contract for lease of lands for one year, to commence at a future date, is within statute of frauds:* 57 S. C., 147; 36 S. C., 544; 44 S. C., 454. *Where owner of land is sued for trespass by one in peaceable possession, he must also show some legal right or interest in the land:* 1 Bail., 306, 62; Rice, 64; 32 S. C., 286; 2 Mill, 294. *Contract set up by plaintiff is not a lease, but contract for service and*

*occupation of premises is only incidental thereto:* 14 Pa. St., 286; 1 Conn., 506; 28 S. C., 430; 3 Hill (N. Y.), 90; 60 N. Y., 221; 12 E. R., 46. *Instructing verdict no violation of Constitution:* 57 S. C., 293; 13 S. C., 115, 376; 47 S. C., 327.

April 18, 1901. The opinion of the Court was delivered by

MR. JUSTICE GARY. In order to understand the questions presented by the exceptions, it will be necessary to refer to the pleadings. The complaint alleges:

"That on the     day of November, 1898, the plaintiff and the defendant entered into a parol contract with each other, substantially as follows: The defendant agreed to employ the plaintiff for one year, beginning on the 21st day of November, 1898, at a salary of $25 a month, to manage the defendant's store at Riverview, in upper Greenville County, State aforesaid, and to attend to certain minor matters of business connected with defendant's farm near by; defendant further agreed to furnish to plaintiff under a rent contract for the term of one year from the 21st day of November, 1898, a certain portion of his farm aforesaid, said to contain ten to fifteen acres of good arable land, a certain dwelling house on said farm and the pasture, cattle lot and outhouses near by for his (plaintiff's) stock and supplies. The plaintiff agreed to perform the services above mentioned of attending to defendant's store and certain minor business, as aforesaid, and for the period of time hereinbefore set forth; the plaintiff further agreed to pay defendant as rent under this contract, one-half of the crop to be produced on the aforesaid rented portion of defendant's farm, saving and excepting the customary exception of what should be produced on the garden 'patches,' for which no rent was to be paid.

"II. That plaintiff under the contract above set forth, went into possession of the aforesaid land, dwelling and premises, and at the times of the action hereinafter set forth, was in peaceable possession thereof under said contract.

"III. That in the month of June, 1899, the defendant, in person or by his agent or agents, with force and arms and with circumstances of malice, oppression and violence, did commit various acts of trespass against the plaintiff's person, property and rights, in this, to wit: That he did, in the manner aforesaid, break the plaintiff's close, seize upon the plaintiff's cattle lot, and lock and nail the gate thereof, seize upon the plaintiff's fodder house, and lock and nail the door thereof, and seize upon plaintiff's garden, and plow up and destroy same. Further, that defendant did, in the manner aforesaid, seize upon plaintiff's corn crib, break the lock thereof and throw plaintiff's corn out into the shuck house, where it was destroyed by defendant's hogs. Further, that defendant did, in the manner aforesaid, forbid plaintiff's agent to unload plaintiff's shingles on plaintiff's premises. Further, that defendant did, with malice and with force and arms, interfere to prevent plaintiff from removing the locks and fastenings above mentioned, by threats of personal violence and by his agent, who was stationed near said premises, armed with a gun, and who threatened personal violence to all attempting to remove said locks and fastenings. Further, that defendant did, in the manner aforesaid, commit various other acts of trespass against this plaintiff. All with circumstances of oppression, malice and violence, and in utter disregard of plaintiff's rights in the premises.

"IV. That in consequence of the acts of the defendant as above set forth, plaintiff was for months kept out of the use and benefit of the property indicated and up to this time; and that his horses and cattle were kept exposed to the weather, one horse contracting disease from this cause, from which he was ruined; that the plaintiff was subject to loss, inconvenience and mental worry as a consequence of the unlawful acts of defendant.

"V. That the unlawful acts and their consequences above mentioned are all to plaintiff's damage $3,000."

The defendant answered the complaint, denying all the allegations thereof, except as thereinafter admitted. He

admitted that he employed the plaintiff in November, 1898, but denies that the term of employment was for one year, and alleges that it was for no definite period, but during the will of both parties; that for said services he agreed to pay the plaintiff $25 per month, and allow him during said employment the use of a certain dwelling house near the storehouse, free of rent, and to allow him, further, to gather and use firewood from the defendant's premises for household purposes; that at a subsequent time he, upon request, gave to the plaintiff permission to put temporarily certain cattle and hogs upon said place and to house the same; that this was only a gratuitous license, which could be withdrawn at any time, and was not in any way to interfere with the use of the barns, lots and other premises of the defendant for his own purpose; that the said license had no connection with the contract of employment. He admits that he discharged the plaintiff in the month of June for the reasons stated in said answer; that he planted turnips in a certain part of the garden appurtenant to the house in which the plaintiff had lived, and that he took sod therefrom to mend his mill-dam in August and September, after plaintiff had left defendant's employment, and that no vegetables were disturbed. The seventh paragraph of the answer is as follows:

"That at a subsequent time the defendant rented to the plaintiff a small tract of land, containing about four or five acres, to be planted in corn, and the plaintiff agreed to pay to the defendant as rent one-half of the crops raised thereon, and to sow the land in peas afterwards; he alleges that this arrangement was wholly separate and distinct from the contract of employment above set forth; that the plaintiff did gather the crops raised on said place and gave defendant one-half of the corn raised on said place, but refused to pay defendant one-half of the fodder, and only paid defendant one-third thereof; and also refused to sow said land in peas, thereby occasioning this defendant loss."

After the plaintiff had been examined and cross-examined the following appears from the record:

"The Court: I do not think this case ought to go on.   I don't think it states enough to constitute a cause of action, and I don't think, taking the testimony on the stand to be true, that it constitutes a cause of action.   Mr. McCullough excepts.   E. Y. Hillhouse recalled.   By Mr. Martin: When did you go into possession of this property? Mr. Haynsworth objects on the ground that he bases his action upon rights in the property, and he cannot by parol show an interest in real estate.   Objection sustained.   Mr. McCullough excepts.   By Mr. Martin: Q. Where were you living from November 21st to the 30th May, 1899?   A. At Riverview, up there at Capt. Jennings', and I left there about August and came to Greenville.   Q. Had you been serving him?   Mr. Haynsworth objects.   Mr. McCullough: You object to our proving, or offering any testimony to prove, the allegations of the complaint upon the ground that the contract is verbal and not in writing?   Mr. Haynsworth: I have objected and the Court has ruled.   By Mr. Martin: Q. When did you begin to serve Capt. Jennings?   Mr. Haynsworth objects.   Objection sustained. Mr. McCullough excepts.   By Mr. Martin: Q. State what acts Capt. Jennings did to interfere with your possession. Mr. Haynsworth objects on the ground that in order that he may show that Capt. Jennings interfered with his possession he must show that he was in possession, and he has not done that.   Objection sustained.   Exception noted.   By Mr. Martin: Q. State what acts of trespass Capt. Jennings committed against you or your property?   Mr. Haynsworth objects.   Objection sustained.   Mr. McCullough excepts.   Mr. McCullough: We have no further testimony.   Mr. Haynsworth: We will ask your Honor to instruct the jury to find for the defendant in this case.   Mr. McCullough: We think, as we have offered no testimony, that the proper motion would be for a nonsuit.   The Court: Counsel has announced that he has closed his case, and the Court has nothing to do but to bring in a verdict for the defense.   The ruling of the Court would go for naught if it did not do so.   Gentlemen

of the jury, I instruct you to bring in a verdict as follows: "We find for the defendant." ' " The jury rendered a verdict in favor of the defendant, and the plaintiff appealed upon several exceptions.

The ruling of the presiding Judge was practically a dismissal of the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The particulars in which it was supposed to be defective are not specified. In considering the questions presented by the exceptions, this Court will follow the classification adopted by the respondent's attorneys, to wit:

"1. Is a parol contract for the lease of lands for one year, to commence at a future date, within the statute of frauds?

"2. Does possession, following such a parol contract, take the case out of the statute, and permit the lessee to bring a legal action for damages, for trespass against his possession?

"3. Where the owner of land is sued for trespass upon these lands by one who is in possession thereof, is it sufficient for the plaintiff to prove merely the facts he was in peaceable possession under a parol contract, or is it necessary for him to show a legal right or interest in the land?

"4. Does the contract, which the plaintiff's testimony tends to prove, create a lease of the dwelling, cattle lot, stables, barn and garden?

"5. Where the testimony affords no basis for a verdict in favor of the plaintiff, is it violative of the Constitution to direct a verdict?"

The defendant did not demur to the complaint, did not allege as a defense in his answer, nor did he object to the testimony offered by the plaintiff, on the ground that the agreement was within the statute of frauds. The record does not disclose the fact that his Honor, the presiding Judge, was requested to rule upon this question, and as he has not ruled upon it, it is not properly before this Court for consideration. This is sufficient to dispose of all questions relating to the statute of frauds; but as the case must be remanded for

a new trial, and the questions would likely arise again, the Court will consider them.

*First question:* This must be determined in view of the facts of this case. Sections 1932, 2149 and 2151 of the Revised Statutes are as follows: "*1932.* No parol lease shall give a tenant a right of possession for a longer term than twelve months from the time of entering on the premises; and all such leases shall be understood to be for one year, unless it be stipulated to be for a shorter term." "*2149.* All estates, interests of freehold or terms of years, or any uncertain interest of, in, to or out of any lands, tenements or hereditaments, made or created by livery and seizen only, or by parol, and not put in writing and signed by the parties so making or creating the same, or their agents thereunto lawfully authorized, by writing, shall have the force and effect of estates at will only, and shall not, either in law or equity, be deemed or taken to have any other or greater force or effect; any consideration for making any such parol leases or estates, or any former law or usage, to the contrary notwithstanding, except leases not exceeding the term of one year from the time of entry, whereupon the rent reserved to the landlord during such term shall amount unto two-thirds parts at the least of the full improved value of the thing demised." "*2151.* No action shall be brought whereby to charge * * * any person * * * upon any contract or sale of lands, tenements or hereditaments, or any interest in or concerning them * * * unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, &c." In 3d Parsons on Contracts, 56, *et seq.*, it is said: "It is to be noticed that, while some of the sections of the statute of frauds declare the oral contracts, which they are intended to present, utterly void, the fourth section (under which the contract now in question falls) only provides that no action shall be brought upon the premises or for the purposes therein enumerated * * * The distinction is sometimes important; nor is it adequately expressed in the cases which say that these

oral contracts, embraced within the fourth section, are not void, but voidable, by the statute of frauds. We consider them neither void nor voidable. If they were good at common law, they remain good now for all purposes but that expressly negatived by statute; that is, no action can be brought upon them, but in other respects they are valid contracts." This language is quoted with approval in *Duckett* v. *Pool*, 33 S. C., 238, and *Davis* v. *Pollock,* 36 S. C., 544. In commenting on the foregoing sections, Mr. Chief Justice McIver, voicing the opinion of the Court, in *Davis* v. *Pollock* (cited in *Hellams* v. *Patton,* 44 S. C., 454), says: "So, also, if section 2018 [now 2150] should be construed as forbidding the making of any parol lease, it would be in conflict with sections 1812 [now 1932], 1817 [now 1937], and 1819 [now 1939], of the General Statutes, all of which recognize in express terms a parol lease for a term not exceeding one year. As is said by Frost, J., in *Godard* v. *Railroad Company,* 2 Rich., 349, commenting on the 3d section of the act of 1817, now incorporated in the General Statutes as section 1812: 'The third section of the act of 1817 provides that no parol lease shall give the tenant a right of possession for a longer period that twelve months * * * is merely prohibitory of parol leases for a longer period than one year; and in avoiding the contract of the parties to the extent it would (otherwise) operate, makes it good for one year.' See, also, *McDonald & Bonner* v. *Elfe,* 1 Nott & McC., 501, and *Clark* ads. *Bynum,* 3 McC., 298, where the validity of a parol lease for one year has been recognized for some purposes. While, therefore, we are not prepared to say that a parol lease for a term not exceeding one year may not be good and valid for some purposes, yet we are bound by the express terms of the 4th section of the statute of frauds * * * to say that no action can be brought to charge any person upon a contract not in writing for the lease of any real estate, even for a term not exceeding one year, no matter what may be the amount of rent reserved by such lease." From the statutes and the decisions interpreting them the following principles may be

deduced: 1. A parol lease gives a tenant a right of possession for a term of twelve months from the time of entering on the premises. If the lease is for a term less than twelve months, of course, the tenant would only be entitled to hold possession for the time stipulated after entering into possession of the premises. 2d. A parol lease undertaking to give a tenant a right of possession for a longer term than twelve months, is within the statute of frauds; nevertheless, if the tenant is permitted to enter on the premises by virtue of such agreement, he shall have a right of possession for twelve months from the time of such entry, but no longer. 3d. A parol lease under which the tenant enters upon the premises shall, after the term of twelve months from the time of entering on the premises, have the effect of an estate at will only. 4th. If a landlord refuses to permit a tenant to enter on the premises under a parol lease, no action shall be brought to charge him upon such contract, even if the lease is not for a term exceeding twelve months.

The reason the law will not allow a landlord to eject a tenant whom he has permitted to enter on the premises under a parol lease before the expiration of one year from the time of such entry, is that it is in the interest of agriculture and would likewise work great injustice to the tenant to be ejected after he had made his crops but before he could harvest them. Even when a life tenant dies after planting his crops, the remainderman is not entitled to possession of the land until the crops can be harvested. *Noble* v. *Tyler,* 48 L. R. A. (Ohio), 735.

*Second question:* We have shown that when a tenant enters under a parol lease he has a right of possession for a term of twelve months from the time of entry. This right entitles him to bring an action for a trespass on the lands during that time.

*Third question:* The presiding Judge did not direct the jury to find a verdict in favor of the plaintiff because there was a failure of testimony to sustain the allegations of the complaint, but because in his opinion the com-

plaint did not state facts sufficient to constitute a cause of action. We may say, however, that when the allegations of the complaint are such as would have sustained an action of trespass *quare clausum fregit* under the former practice, peaceable possession alone is sufficient to support the action, and throws upon the defendant the burden of proving a better title. *Caldwell* v. *Julian, 2* Mill, 294; *Gambling* v. *Prince, 2* N. & McC., 139; *Geiger* v. *Kaigler,* 15 S. C., 262; *Watts* v. *Blalock,* 17 S. C., 157.

*Fourth question:* This question does not properly arise. *The allegations of the complaint* are sufficient to create a lease of the dwelling, cattle-lot, stables, barn and garden.

*Fifth question:* There is no doubt of the proposition that the Court may direct a verdict in favor of the defendant, when the testimony affords no basis for a recovery in favor of the plaintiff: *Graham* v. *Moore,* 13 S. C., 115; *Carrigan* v. *Bozeman,* 13 S. C., 376; *Nicholls* v. *Hill,* 42 S. C., 28; *Gilreath* v. *Furman,* 57 S. C., 289. But, as we have shown, that question does not properly arise in this case.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case remanded for a new trial.