### 10749

### BAMBERG BANKING CO. v. MATTHEWS *ET AL.*

#### (109 S. E. 550)

DEEDS—AFTER BIRTH OF CONTINGENT REMAINDERMEN GRANTOR HELD TO HAVE NO REVERSION.—Where an owner executed a deed, reserving a life estate in himself and his wife, and creating another life estate in his children, with remainder in fee in the grandchildren, such remainder being a contingent one, the fee only remained in the grantor until the birth of a grandchild or grandchildren, so that a subsequently executed deed, purporting to convey the fee to one of his children, was void.

Before PEURIFOY, J., Bamberg, November, 1920. Modified.

Action by Bamberg Banking Co. against Addie H. Matthews et al. Judgment for plaintiff and the defendants appeal.

The portions of the circuit decree which construe the deeds to the land in controversy are as follows:

This brings us to the eighth exception of the defendants, relating to the construction of certain deeds. The thirty-five acre tract covered by the two mortgages is a part of the tract of land described in the deed of Amzi August to Sarah August, Adeline August and others, dated October 12, 1882, and recorded in Barnwell County, and the thirty-five acre tract described in the deed of March 30, 1908, by Amzi and Sarah August to Addie Matthews is the same tract included in the two mortgages. The defendants, Warren, James, and Alfonso Matthews, are the children of Addie Matthews, and are aged nineteen, seven-

teen, and fourteen, respectively. The Adeline August mentioned in the deed of 1882 is the defendant Addie Matthews, formerly Addie August; and James Hampton August and Mary Magdale August, mentioned in said deed, are both dead and they never married. Julia August, mentioned in said deed of 1882, married one Grant, is now living and has no children; Govan August, mentioned in said deed, is living. Carrie August, mentioned in said deed, married one McMillan, is now living, and has no children; and Amzi and Sarah August did not have any other children than the six mentioned in said deed of 1882. Both Amzi and Sarah August are now dead.

Partition was made among the four living children of Amzi August, namely: Addie Matthews, Julia Grant, Carrie McMillan, and Govan August, during the lifetime of their father, Amzi August, of the lands of Amzi August, and these four children have been in possession of their respective fourths for many years, and have continued to remain in possession after the death of their father; and the portion possessed by Addie Matthews under said partition is the same thirty-five acre tract covered by the mortgages herein.

I hold that the deed of 1882, after the life estates of grantor and his wife, Sarah, granted life estates to his children mentioned in said deed, with contingent remainders to such children of Amzi's children as should be living at the time of the death of their respective parents. The interest of Addie Matthews was a life estate in an undivided portion of said lands with contingent remainder to her children who should be living at the time of her death. The four surviving children of Amzi August have had partitioned among themselves their interests under said deed of 1882, and they have been in possession of same for years.

I hold that after the execution of the deed of 1882, the fee of inheritance remained in the grantor, Amzi August.

until the contingency should occur, that is, until the death of the life tenants.

I hold that the deed of 1908, by Amzi and Sarah August to Addie Matthews, of the thirty-five acre tract, was intended to effect a merger of estates, and I hold that the said deed did bring about a merger of the life estate of Addie Matthews into the fee, or inheritance, which had remained in Amzi, and which by this deed he conveyed; and that the contingent remainders to the children of Addie were cut off, there being no estate left to support them.

I therefore hold that at the time of the execution of the two bonds and mortgages herein by Addie Matthews the interest of Addie in the thirty-five acre tract was a fee simple estate, and that her children, the infant defendants, because of the merger of estates in their mother, have no interest in said lands, and had no interest therein at the time of the execution of the said bonds and mortgages.

*Mr. Jacob H. Moorer,* for appellants, cites: *Construction of deeds was wrong*: 112 S. C., 563; 11 S. E., 702; 1 Civ. Code 1912, Secs. 3758, 3759.; 61 S. C., 504; 2 Ann. Cas. 825; Ann. Cas. 1913A, 1350; 87 S. C., 7; 110 S. C., 418; 100 S. C., 226; 67 S. C., 130; 102 S. C. 361; 115 S. C. 42; 58 S. C. 231; 44 S. C. 483; 37 S. C. 355.

*Mr. E. H. Henderson,* for respondent, cites: *Duress*: 13 C. J., 396; Clark Contracts, 297. *Undue influence*: 13 C. J., 405; 90 S. C., 196; 44 S. C., 378. *Benefit to a third person, a near relative, is a valid consideration*: 13 C. J., 325; 68 S. C., 378; 104 S. C., 222. *Bank had right to foreclose mortgages even as pledge of collateral*: 31 Cyc., 829. *Estoppel by conduct*: 21 C. J., 1166; 27 Cyc., 1326; 113 S. C. 282; 97 S. C., 129; 64 S. C., 310. *Remainder to persons living at death of life tenant is a contingent remainder*: 20 S. C., 76; Tiedeman Real Prop., 457; 99 S. C., 122; 69 S. C., 503; 10 S. C., 376; 79 S. C., 411; 26 S. C., 470; 22 S. C., 323; 112 S. C., 428; 23 R.

C. L., 516; Fearne Conting. Rems., 9; 18 C. J., 308; 21 C. J., 984; 2 Leading Cases Am. Law Real Prop., 343. *Fee remained in grantor until happening of contingency*: Tied. Real Prop., 462; 4 Kent., 257; 1 Hilliard Real Prop., 553; 2 Lead. Cas., 347; Fearne Conting. Rems., 351, 360; 21 C. J., 993. *Interests of contingent remaindermen were contingent, not vested*: 99 S. C., 122; 69 S. C., 503; 79 S. C., 409; 74 S. C., 46; 30 S. C., 76; 16 S. C., 424; 23 S. C., 512; 22 S. C., 323; 23 R. A. L., 545. *Remainder not to a class*: Tied. Real Prop., Sec. 302. *Under partition among life tenants interest of Addie centered in one tract*: 30 Cyc., 181. *Reversion or estate remainder, remaining in the grantor could be conveyed*: 23 R. C. L., 564, 563; 74 S. C., 48; 10 S. C., 414; Rich. Eq. Cas., 263; 4 Kent, 354, 257, 511; Tied. Real Prop., Secs. 316, 636; 21 C. J., 1006; 5 C. J., 851; 21 C. J., 1920. *Conveyance in fee to life tenant cut off contingent remainders*: 74 S. C., 42; 1 Hilliard Real. Prop., 544; 4 Kent, 253; 2 Lead. Cas., 366; Tied. Real Prop., Sec. 316; 21 C. J., 1006; Fearne Conting. Rems., 340; 23 R. C. L., 562. *Estates merged unless contrary intention appears*: 87 S. C., 49; 74 S. C., 50; 23 R. C. L., 563.

November 4, 1921.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an appeal from a decree of Judge Peurifoy. The action was for foreclosure of two mortgages. The defendants interposed a number of defenses. The exceptions are 11 in number. Exceptions 1, 2, 3, 4, 5, 6, and 7 are overruled. The appellants have failed to convince this Court that the concurring findings of master and Circuit Court are against the preponderance of the evidence.

The question to be determined, as to whether Addie Matthews owns the property in fee simple as found by the

Circuit Court, or whether, as appellants contend, she has an estate for life only, and that the infant defendants, the children of Addie, are remaindermen. The deed of Amzi August, made in October, 1882, is an absolute deed, and must govern; it was duly witnessed, signed, delivered, probated, and recorded. Dower was renounced thereon; it was a perfect deed. It reserves a life estate in grantor and wife, and creates a life estate in the children, remainder in fee in the grand-children. It is a contingent remainder; the fee only remained in the grantor until the contingency happened, to wit, the birth of a grand-child· or grand-children, in any view of the case. The deed of 1908 was void, under the case of *Rutledge v. Fishburne,* 66 S. C., 155; 44 S. E., 564; 97 Am. St. Rep., 757. Addie did not own the fee, but only an estate for life, and her children are the remaindermen; and at her death own the land in fee, so the exceptions raising these questions, 8 and 9, are sustained. All other exceptions are overruled.

Judgment modified.