11801

BAMBERG BANKING CO. v. MATTHEWS

(128 S. E., 718)

1. JUSTICES OF THE PEACE—MAGISTRATES—TENANT NOT RAISING ISSUE OF TITLE IN EJECTMENT PROCEEDINGS BEFORE MAGISTRATE BY STATUTORY METHOD CANNOT RAISE QUESTION ON APPEAL.—Tenant not raising issue of title in ejectment proceedings before magistrate by method prescribed by Code Civ. Proc. 1922, §§ 221, 222, cannot raise such question on appeal.

2. JUSTICES OF THE PEACE—MAGISTRATES—ISSUE OF TITLE NOT INVOLVED IN EJECTMENT PROCEEDINGS, WHERE DEFENDANT DID NOT DENY EXECUTION OF LEASE OR OFFER EVIDENCE OF DURESS AND FRAUD.—Where tenant did not deny execution of lease, and offered no evidence of duress and fraud in ejectment proceedings before magistrate, relation of landlord and tenant, which was preliminary question of fact for magistrate to determine. When question of title was raised by defendant, was established, and, as tenant cannot dispute landlord's title, issue of title could not arise, so as to defeat magistrate's jurisdiction.

3. LANDLORD AND TENANT—THAT LANDLORD MAY PROCEED UNDER ONE ACT DOES NOT PRECLUDE RESORT TO MORE SUMMARY METHOD PROVIDED IN ANOTHER STATUTE.—That landlord may proceed in ejectment under Civ. Code 1922, § 5277, allowing defendant right to trial

before two magistrates and 12 jurors, does not preclude him from invoking simple and more summary method provided in section 5279, if authorized by facts.

4. LANDLORD AND TENANT—WHETHER LANDLORD MAY PROCEED UNDER SUMMARY STATUTE DETERMINED BY ALLEGATIONS OF APPLICATION AND FACTS PROVED.—Whether landlord may summarily proceed in ejectment under Civ. Code 1922, § 5279,, must be determined by allegations of application and facts proved.

5. LANDLORD AND TENANT—REQUIREMENT OF SUMMARY STATUTE HELD .FULLY MET BY APPLICATION AND EVIDENCE.—Averments of application for ejectment and facts proved or admitted *held* to fully meet requirement of summary statute  (Civ. Code 1922, § 5279).

Before RICE, J., Bamberg; 1923.    Affirmed.

Action in ejectment in Magistrate's Court by Bamberg Banking Co. against Addie Matthews.  From judgment for plaintiff, sustained by the Circuit Court, the defendant appeals.

*Mr. Jas. E. Davis,* for appellant, cites:  Proceeding under 1 Civ. Code 1922, Sec. 5277; not under Sec. 5379; 66 S. C., 162; 54 S. C., 255.

*Mr. E. H. Henderson,* for respondent, cites:  *Sec. 5279, 1 Civ. Code, 1922, is later and gives more convenient rem edy:* 113 S. C., 171.  *Title to land not involved in summary ejectment proceeding:* 110 S. C., 155; 32 S. C., 146; 24 S. C., 507.  *Tenant estopped to deny landlord's title:* 102 S. C., 302; 99 S. C., 20; 97 S. C., 331; Cheves, 99; 4 Strob. L., 196;* Tiedeman Real Prop., 202; 24 Cyc., 934.

July 10, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Proceedings in ejectment under section 5279, vol. 3, Civil Code of 1922, by Bamberg Banking Company, as landlord, against Addie Matthews, as tenant, before a magistrate. The alleged tenant raised the objection in her return that, the title to the land being involved, the magistrate was without jurisdiction, and, further, that the proceeding was

brought under the wrong section of the Code; that it should have been brought under section 5277, instead of 5279. Her contention was that the land belonged to herself and others as tenants in common, and that the paper which she signed, purporting to be a lease from the bank to her for the year 1922, was obtained by duress and fraud.

At the hearing before the magistrate, the tenant demurred to the "petition in ejectment," as it was termed, upon the ground that it was "founded upon a written lease which * * * has expired and * * * that the proceeding should have been brought under section 3507 (5277), which allows her the right to be tried before two magistrates and 12 jurors." The demurrer was overruled.

There was no denial of the facts stated in the "petition," and no evidence was offered by the tenant in support of her allegation of fraud; nor did she attempt to comply with section 221 and 222 of the Code of Civil Procedure (1922), prescribing the method of raising the issue of title in an action in the magistrate Court. The magistrate decided in favor of the landlord. The tenant appealed to the Circuit Court solely upon the ground that the proceeding had been brought under the wrong section. The Circuit Court dismissed the appeal, and the tenant has appealed to this Court, and by exceptions raises the two questions: (1) Should the proceeding have been dismissed upon the ground that the title to the land was involved, and that the magistrate was without jurisdiction? (2) Was the proceeding brought under the wrong section?

As to the first question: The appellant is not in a position to raise this question, as she did not comply with the procedure prescribed in sections 221, 222, Code Civ. Proc, 1922.

And, even if she had, under the very recent case of *Stewart-Jones Co. v. Shehan,* 127 S. C., 451; 121 S. E., 374, her contention could not have been sustained. In that case it is decided that, as the ejectment

proceedings are applicable only to a case where the relationship of landlord and tenant exists, the preliminary question of the existence of that relation is one of fact for the determination of the magistrate, when either party raises the question of title dependent upon such preliminary inquiry. As the Court says:

"Hence the question of fact, to be resolved by the magistrate, and to the determination of which he is of necessity limited when the question of title is sought to be raised, is this: Was there a contract between the parties, express or implied, which created the relation of landlord and tenant?"

At the hearing before the magistrate the tenant made no denial of the execution of the lease from the bank to her, and offered no evidence in support of her allegation of duress and fraud. The relation of landlord·and tenant was therefore necessarily established, and, as the tenant is not allowed to dispute the landlord's title, the issue of title did not and could not arise.

As to the second question: That the landlord should have proceeded under section 5277, instead of 5279.

That the landlord may have proceeded under section 5277 is no reason why he should not invoke the simple and more summary method provided in 5279, if the facts authorized it. The question whether or not section 5279 covers the present case is to be determined by the allegations of the application for ejectment and the facts proved. The application avers that the defendant was a tenant of the land belonging to the bank for the year 1922; that the lease terminated on December 31, 1922; that she had paid no part of the stipulated rent; that she was holding over after the termination of the lease; that possession had been demanded and refused; and every element was either proved or admitted. This fully meets the requirement of the statute. This proceeding appears to be an offshoot of the case of *Bamberg Banking Co. v. Matthews*, 118 S. C., 83; 109 S. E., 550.

The Circuit Judge was right in dismissing the appeal, and his order is affirmed.

MR. JUSTICE MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. JUSTICE WATTS (dissenting) : This is a proceeding commenced before a magistrate, to eject a tenant for nonpayment of rent. The appellant made a return, claiming that the lease under which the respondent claimed was void for fraud and duress, and claimed title in herself; that she was merely a tenant in common with others, and that she is in possession by inheritance and not by virtue of the lease set up by the respondent.

There is only one question that requires consideration by this Court, to wit : Is the appellant estopped to dispute the title of the bank? The answer is that she is not estopped. The question of title is certainly involved. If the contract or contracts under which the bank claims were obtained by duress or fraud, then they are void, and the title is still in the appellant. There is nothing in the record to show that the appellant went into possession under the bank. The rule is that tenant cannot go into possession under a landlord, and then put the man from whom he obtained his possession on proof of his title. The rule that a tenant cannot dispute his landlord's title is not absolute. In *Eller v. Motley,* 99 S. C., 29; 82 S. E., 993, we find :

"While it is a general rule that one who enters under the title of another is estopped from denying it, there are some exceptions."

See, also, *Mitchell v. Allen,* 81 S. C., 347; 61 S. E., 1089 :

"If a person even enters into pessession of land under another, and the person under whom he entered is also in possession, the doctrine that he cannot dispute the title of the person permitting him to enter without surrendering possession, does not apply, where there has been a disclaimer of tenancy, unequivocal notice of that fact to the person under whom he entered, and a subsequent adverse possession for

the statutory period.   Nor does it apply when there has
been an adverse holding for a length of time sufficient to
raise the presumption of a grant.   *McCutcheon v. Mc-
Cutcheon*, 77 S. C., 129; 57 S. E., 678 [12 L. R. A. (N.
S.), 1140]."

See, also, *Washburn on Real Proprety*, vol. 3, p. 98:

"If one enters upon land under an executory contract with
another, he will be estopped to deny the title of the latter,
as it would be a violation of good faith to obtain possession
under such an agreement, and then to deny the right of the
other party to reclaim the possession, or the fruits of the
contract."

The respondent claims that this question was not made on
appeal in the Court of Common Pleas.   This is a question of
jurisdiction of the subject matter and may be raised at any
time.   The question of title is involved, and the magistrate
had no jurisdiction.

In *State ex rel. O'Neale v. Fickling*, 10 S. C., 303, it was
held that, while the magistrate had no jurisdiction in actions
where the question of title was raised, it did not apply to
"statutory proceedings."   Our people were not satisfied with
that condition, and when the Constitution of 1895 was
adopted they deprived the magistrates of jurisdiction in
"cases" where the title was involved.   They did not intend
to allow the magistrate in any "case," whether actions are
statutory proceedings, to oust a man from the possession of
his real estate and throw upon him the burden of proving
his title.   The cases decided before the Constitution of
1895 do not apply and are no longer authority.

The question is one of jurisdiction, and the Legislature
has no power to confer jurisdiction, where the Constitution
forbids it, on the magistrate for the doing, or failure to do,
anything.   The tenant was not required to prove fraud
before the magistrate.   That would have allowed the magis-
trate to try the case, which he had no jurisdiction to do.

The judgment appealed from should be reversed.

MR. CHIEF JUSTICE GARY concurs.

NOTE.—The foregoing opinion, prepared by the late Mr. Justice Fraser, is adopted by Messrs. Chief Justice Gary and Justice Watts; the opinion *pro forma* being presented by Mr. Justice Watts as a dissenting opinion in the case.