13895

MONARCH MILLS, LOCKHART PLANT, v. GODSHALL

(175 S. E., 552)

*Mr. Ray Godshall,* for appellant, 

*Messrs. Sawyer & Sawyer,* for respondent, 

July 31, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

It appears from the statement contained in the record that the respondent applied to Magistrate J. B. Greer of Union, S. C., for a rule requiring the appellant to show cause before the magistrate why he should not be ejected from certain premises in the town of Lockhart. The rule was issued the 5th day of January, 1934, and made returnable on the 8th day of January, 1934. On that date the attorney for the appellant appeared especially for the purpose of making objection to the jurisdiction of the magistrate on the ground that only three days' notice was given the appellant to answer the said order and petition to show cause, whereas Section 8812, Code of Laws of South Carolina, 1932, specifically provides that a tenant at will is entitled to ten days' notice before he is required to show cause in ejectment proceedings. The magistrate sustained the objection and dismissed the proceeding for want of jurisdiction, for that the action was brought under the wrong section of the Code. It appears that it was brought under Section 8813, and the effect of the magistrate's ruling is to hold that it should have been brought under Section 8812. The matter was taken on appeal to the Circuit Court and

was heard by his Honor, Judge E. C. Dennis, then presiding over the Court of Common Pleas for Union County, who reversed the order of the magistrate and sent the case back to the magistrate for trial. This appeal is from the order of Judge Dennis.

There are three exceptions, but they make but two questions, viz.: (1) Is this appellant a tenant at will? If so, what is proper notice to show cause before ejecting tenants at will?

(2) Which of the two sections of the Code of Laws, 1932, 8812 or 8813, governs the proceeding in the ejectment of tenants at will?

It appears from the verified petition of respondent, upon which the rule to show cause was granted, that appellant occupied the premises of respondent under a verbal agreement of rental for an indefinite period; that on or about the 30th day of June, 1933, the respondent gave written notice to the appellant to vacate the premises on or before the 31st of December, 1933. Appellant did not vacate the premises, and this proceeding was begun the 5th of January, 1934. Counsel for appellant, in his argument, contends that: "Three days is not sufficient and reasonable time in which to vacate a store building in which there is a growing business and liquidate the said business." He loses sight of the fact that appellant had six full months in which to vacate the premises. Counsel further contends that Judge Dennis erred in holding that a notice to quit the premises on or before the 31st day of December, 1933, was given this defendant on or about the 30th day of June, 1933; the error being that there was no testimony upon which to base this statement. Appellant is not in position to maintain this exception. The petition, upon which the order of the magistrate requiring the appellant to show cause before him was based, was sworn to, and there was no answer to it, nor any testimony taken, because appellant came in and by his plea to the jurisdiction of the Court prevented the taking of tes-

timony. The verified petition was authority for the ruling of the Circuit Judge.

The first question, to wit, Is this appellant a tenant at will? seems to be wholly superfluous, for the reason that appellant and respondent both admit that he was a tenant at will. However, the question is answered in the affirmative by the case of *Nimmer v. Chewning,* 155 S. C., 528, 152 S. E., 702, 703, where it was held: "It is the essential feature of a tenancy at will that each party thereto has the right to terminate it on proper notice."

That is clearly the case here. Either party to this contract of rent could terminate it upon proper notice. The question, then, to be determined is, under which section of the Code should the action have been brought, viz., 8812 or 8813?

The pertinent part of Section 8812 is as follows: "When any person or persons have gone, or shall hereafter go, into possession of any land or tenement of another, either as a tenant at will, or under a contract to serve another, * * * and shall refuse or neglect to quit the premises so occupied, when required by the person letting the same, or upon the termination of the contract, either by its own limitation or from any other cause, it shall be lawful for the person letting the premises to apply to any magistrate, whose duty it shall be to have a notice served * * * to show cause before him, at the expiration of ten days from the personal service of such notice, why he should not be ejected."

The pertinent part of Section 8813 is as follows: "In all cases where tenants hold over after the expiration of their lease or contract for rent, whether the same be in writing or by parol, or shall fail to pay the rent when the same shall become due, the landlord is hereby authorized and empowered * * * to demand possession thereof from the tenant; * * * and in case of refusal or resistance, it shall be lawful for the person so letting said premises, * * * to apply to a magistrate, whose duty it shall be to

have a notice served upon the person or persons so refusing to be dispossessed to show cause, before him, * * * within three days * * * why he should not be dispossessed."

It is established that the appellant in the present case was a tenant at will. The landlord gave him notice to vacate the premises on the 31st day of December. That terminated the contract; either party to it had the right to terminate it. When, therefore, the appellant did not vacate on or before December 31, 1933, he was a tenant holding over after the termination of his contract for rent. This brought him directly within the purview of the provisions of Section 8813.

In the case of *Bamberg Banking Co. v. Matthews*, 132 S. C., 130, 128 S. E., 718, the main opinion, written by Mr. Justice T. P. Cothran, discussed this identical question. There it was held, quoting syllabus: "That landlord may proceed under one act does not preclude resort to more summary method provided in another statute."

In that opinion Mr. Justice Marion and Mr. Acting Associate Justice Purdy concurred. There was a dissenting opinion by Mr. Justice Watts, concurred in by Mr. Chief Justice Gary, but that turned upon a different question, viz., whether the question of title to real estate arose in the proceeding.

In the present case we have a tenant holding over after the termination of his tenancy by proper notice. The provisions of Section 8813 were applicable, and the Circuit Judge was correct in so holding.

Appeal dismissed; judgment affirmed.

MR. CHIEF JUSTICE BLEASE, MESSRS. JUSTICES STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.