## 15118

### METROPOLITAN LIFE INS. CO. v. STUCKEY

#### (10 S. E. (2d), 3)

470

*Messrs. Reynolds & Reynolds,* for appellant,

*Messrs. Charles B. Elliott* and *Marion Moise,* for respondent,

July 8, 1940.

The opinion of the Court was delivered by MR. J. STROM THURMOND, ACTING ASSOCIATE JUSTICE.

This case involves the dispossession of a tenant holding over after the alleged expiration of his lease under Section 8813 of the Code, as amended by Act No. 104, Acts of 1939, 41 St. at Large, p. 151. It originated in a magistrate's Court in Sumter County and resulted in a verdict for the respondent, the landlord, by direction of the Court.

The record discloses that a formal notice to show cause, dated January 8, 1940, based on the verified petition of the landlord, respondent herein, containing appropriated allegations, was issued by the magistrate and duly and personally served upon the defendant, appellant here, commanding him to show cause why he should not be dispossessed and ejected from said premises. The petition or affidavit of respondent, in substance, alleged the execution of the written lease between the parties, that under the terms thereof the lease commenced January 1, 1939, and terminated December 31,

1939; that among other things the lessee agreed to deliver possession of the said premises upon the expiration of said lease, without any further notice and expressly waived all statutory and other requirements of notice to vacate; and that the tenant was holding over, had refused to deliver possession thereof to the landlord, although possession of said premises had been duly demanded and required. Pursuant to the notice to show cause the appellant filed his return, appeared before the magistrate on the day noticed and objected to the jurisdiction of the magistrate upon the grounds fully set out in the record. The objection was overruled and the case went to trial by the magistrate'and a jury. At the conclusion of the testimony appellant made a motion for a directed verdict, which motion was refused. The respondent then made a motion for a directed verdict in its favor, which was granted. Upon appeal to the Court of Common Pleas, the judgment of the magistrate was affirmed in a formal order. From this order the appellant comes to this Court, upon several exceptions.

In his brief, counsel for appellant states that three issues only are involved in the exceptions, as follows:

"1. In an ejectment proceeding does a plea by the tenant, and testimony to the effect, that the lease agreement was obtained through fraud and deceit and fraudulently breach, oust the magistrate of jurisdiction?

"2. Was the statutory demand made by landlord upon tenant?

"3. Were there issues of fact for the jury?"

The First Issue: It is stated just above, and no use to repeat here.

The civil jurisdiction of magistrates in this State is clearly defined:

"Magistrates shall have jurisdiction in such civil cases as the General Assembly may prescribe: Provided, Such jurisdiction shall not extend to cases where the value of property in controversy, or the amount claimed, exceeds one hundred dollars, or to cases where the title to real estate is in ques-

tion, or to cases in chancery." Constitution of 1895, Article 5, Section 21.

"Magistrates shall have civil jurisdiction in the following actions: * * * (9) An action for damages, fraud in the sale, purchase, or exchange of personal property, if the damages claimed do not exceed one hundred dollars. (10) In all matters between landlord and tenant, and the possession of land as provided in Article 2 of Chapter 171," Code of 1932, Section 257.

Article 2, Chapter 171 of the Code of 1932, contains Section 8813, which is the section under which this proceeding was begun. Therefore, Subsection 9 of Section 257 of the Code of 1932 has no application in this matter. This subsection refers to actions brought for damages for fraud in the sale, purchase, or exchange of personal property and has no connection whatsoever with the type of action now before the Court. That this is a proper construction of Subsection 9 is more clearly shown by the fact that immediately following this subsection is Subsection 10, which clearly gives the magistrate jurisdiction of this action.

Appellant contends, however, that "it then naturally follows that if the lease in question were fraudulently procured it was void." The fallacy in this contention is disclosed in the opinion of Chief Justice McIver in *Levister v. Southern Railway Company,* 56 S. C., 508, 35 S. E., 207, 209: "It is generally affirmed as a rule that fraud avoids all contracts. But it would be more correct to say fraud makes all contracts voidable; for it is at the option of the party to be affected by the fraud whether or not he will treat the contract as void and rescind it. The right to rescind, however, is subject to this restriction: That is, if, after discovery of the fraud, one party still avails himself of the benefit of the contract, or permits the other to proceed with the execution of it, he will thereby be held to have waived the tort and affirmed the contract."

And, likewise, Williston on Contracts (Revised Edition), Section 1528, states: "The doctrine of election of remedies

is not peculiar to actions based upon fraud, but it is, perhaps, most frequently applied or discussed in connection therewith. The defrauded party has the alternative but inconsistent rights and remedies of affirmance of the transaction and recovery of damages for the deceit, or of disaffirmance and restitution where restitution is available."

Appellant testified that he had a collateral agreement ■ with respondent whereby respondent would furnish certain supplies for the planting of his crop for the year 1939. Yet appellant admitted that in November, 1939, when the representative of the respondent came to see him, he delivered to respondent its share of the cotton grown on the farm for the year 1939, thus admitting an attornment to the landlord and unequivocally affirming the relation of landlord and tenant under the terms of the written instrument. Tiffany, Landlord and Tenant, 1910 Edition, Volume I, page 460, states: "When the lessee has entered under the lease, the fact that the acceptance of the lease was procured by duress or fraud on the part of the lessor, or that the acceptance was under mistake on the part of the lessee, will not enable the lessee to defend an action by the lessor for possession on the ground that the lessor's title is defective. A contrary view would violate the well-recognized rule that one seeking to rescind a transaction for duress, fraud or mistake must put the other party in *statu quo* by returning what he has received thereunder, and would, in the case of fraud, involve in effect the imposition on the lessor of damages out of all proportion to the injury caused by the fraud, this being particularly productive of injustice when applied as against an innocent transferee of the reversion."

Furthermore, in the letter of appellant's counsel to respondent, dated December 4, 1939, the reason given for appellant's failure to deliver possession was that the notice "as required by the lease" had not been given the tenant and that the tenant had commenced farming operations for 1940. The phrase "as required by the lease" indicates that the appellant was claiming under the lease as tenant at the date of that

letter, thus affirming the relation of landlord and tenant. It is worth noting that neither in the magistrate's Court, nor before Judge Mann in the Circuit Court, nor here, does the appellant contend that sufficient notice was not given for possession under the terms of the lease, but rather took the position that the lease was void and that the magistrate had no jurisdiction. It was too late for the appellant to say that the relation of landlord and tenant did not exist.

Appellant admits that there is no case in this jurisdiction directly sustaining his contention with respect to this issue, but contends that his position is supported by a necessary implication in the case of *Bamberg Banking Company v. Matthews,* 132 S. C., 130, 128 S. E., 718. But that decision is squarely against appellant, holding, as it does, that an allegation of fraud in the procurement of a lease does not oust the magistrate's Court of jurisdiction.

That the existence of the conventional relation of landlord and tenant is a prerequisite to the assumption and exercise of jurisdiction by the magistrate in such proceedings is clearly recognized and assumed in our decisions. *Carlisle v. Prior,* 48 S. C., 183, 26 S. E., 244; *Lewis v. Cooley,* 81 S. C., 461, 62 S. E., 868.

The written lease introduced in evidence was clear and explicit, and it was the duty of the magistrate to determine whether the relation of landlord and tenant existed. This Court has held on numerous occasions that the tenant cannot oust the magistrate of jurisdiction in such cases, even by the assertion of a superior title in himself, and it is but logical to hold, as the *Bamberg Banking Company v. Matthews case, supra,* declares, that an allegation of fraud in the procurement of the lease will not oust the jurisdiction of the magistrate.

"Necessarily, therefore, it is competent for the magistrate to determine as a fact whether the relation of landlord and tenant exists. *Lewis v. Cooley, supra.* Otherwise any tenant, by merely denying the landlord's title or by asserting superior title in himself or in another, could oust the magis-

trate of jurisdiction and frustrate the plain and salutary object of the statute." *Stewart-Jones Co. v. Shehan,* 127 S. C., 451, 121 S. E., 374, 376.

Furthermore, we do not find in the return of the appellant in the magistrate's Court any allegations of fact constituting actionable fraud. There are no more well-settled rules in this State than that in order to raise an issue of fraud the facts constituting the alleged fraud, and not merely legal conclusions, must be clearly alleged. *Hall v. General Exch. Ins. Corp. of New York,* 169 S. C., 384, 388, 169 S. E., 78. The facts constituting fraud must not only be alleged, but such acts of fraud must be proved. While fraud may be proved by circumstantial evidence, it must be definitely proved, and cannot be presumed. *Waring v. South Carolina Power Co.,* 177 S. C., 295, 296, 181 S. E., 1. The proof of fraud must be by clear and convincing evidence. *Rivers v. Woodside National Bank of Greenville,* 150 S. C., 45, 147 S. E., 661.

In his return in the magistrate's Court, appellant, after admitting that he executed the lease in question, alleged "that he was induced to enter into and sign said lease contract by the fraudulent and deceitful promises and actions of the landlord." After making a motion to strike this and other portions of the return on the ground of irrelevancy, counsel for respondent objected to all testimony touching this issue of fraud, and from a careful scrutiny of the testimony we do not find any evidence of fraud on the part of the respondent. Appellant did not attempt to plead any counterclaim for damages for breach of the alleged agreement of the respondent to furnish him supplies for the year 1939. If any such agreement existed (and we are not to be understood as passing on the merits of such contention) there is an appropriate forum for the determination of such issue.

The appellant having admitted the execution of the lease in his written return in the magistrate's Court and also in his testimony; the lease not being ambiguous but clear and

explicit, providing for the termination of the tenancy on December 31, 1939, without the necessity of any notice being given, we hold that the relation of landlord and tenant existed, that the magistrate's Court, therefore, had jurisdiction, and that there is no merit in the exceptions raising the first issue.

The Second Issue: Was the Statutory Demand Made by Landlord Upon Tenant?

The record discloses that the respondent, by a letter dated November 28, 1939, wrote appellant advising that the leased property had been sold and possession must be given the purchaser on January 1, 1940; that the appellant's lease would expire December 31, 1939, and that he should make necessary arrangements to vacate the property by that date. The appellant in his testimony admitted receiving this letter. No question is raised on this appeal concerning the sufficiency of such notice. On December 4, 1939, counsel for the appellant wrote respondent in effect advising that possession would not be surrendered on December 31, 1939. The fact is undisputed that the tenant had not surrendered possession when the rule to show cause was issued by the magistrate and when the case was tried.

Stancill, witness for respondent, testified on re-direct examination:

"Q. That was in August, 1939? A. Just last week. I knew this matter was up, and I would not give him a receipt.

"Q. Some time in January when you were back there to see him? A. Yes, sir.

"Q. And he told you at that time he was not going to give up the possession of the property? A. Yes, he said he was not going to give up possession of the property.

"Q. You say that was just last week? A. Some time the first of January.

"Q. The first week in January? A. Around the 7th, I believe it was."

Counsel for appellant, on cross examination of Stancill, said:

"Q. Mr. Stancill, the *first week in January of this year* (italics added), when you went out there, didn't he offer to pay you the balance due on the fertilizer?"

A careful examination of the testimony indicates that this evidence as to demand for possession both before and after the expiration of the lease was not contradicted.

On cross examination appellant stated that "He (referring to Stancill) told me what I had to do, and I did not say nothing"; that at one time Stancill told him if he did not move he would have his stuff thrown out in the yard and that in January, after the lease expired, Stancill, representative of the respondent, returned and wanted to know why he, appellant, had not gotten off the property. There was no denial of Stancill's statement that the appellant said he was not going to give up possession of the property, this statement being made in January, after the expiration of the lease. Counsel for appellant had already written respondent a letter stating in effect that possession would not be surrendered on January 1st.

The other and additional testimony of the appellant, on cross examination, which clearly indicates that he understood the purport of the demand for possession on January 1st, after the expiration of the lease, follows:

"Q. Mr. Stuckey, when you signed this lease, you admit that you signed this lease? A. I do.

"Q. You knew that the lease itself was for only one year at the time and you signed it? A. Yes, I knew it was for a year.

"Q. When you agreed to the terms of the lease, you agreed the lease would expire, and you were to get off of this piece of property on the 31st day of December without any notice from the company? A. Yes.

"Q. And you knew that at the time you signed the lease, didn't you? A. I did not read it all.

"Q. But you knew it did not run past the 31st of December? A. Yes, sir.

"Q. And you knew you would have to move unless you got a lease for 1940, didn't you? A. Yes.

"Q. You have not got the lease for 1940? A. No, sir.

"Q. Did you get a letter on the 4th of December telling you to move? A. Yes, sir.

"Q. You knew they promised to sell this place to Mr. Du-Bose? A. I found it out in December.

"Q. If you knew the place was bargained to be sold to Mr. DuBose, you didn't expect the Metropolitan to rent you Mr. DuBose's farm, did you? A. No, sir.

"Q. You knew the farm had been bargained to Mr. Du-Bose? A. Yes.

"Q. And you knew they had given you notice to get off, didn't you? A. Yes, sir."

The foregoing testimony establishes that the requisite demand for possession was made both before and after the expiration of the lease. Certainly the testimony was susceptible of no other construction than that put upon it by the magistrate and the Judge of the Circuit Court.

The case of *Sessions v. Johnson*, 185 S. C., 177, 193 S. E., 635, has no application to the facts of this case. The sole question determined in that case was whether or not the tenant's demurrer to the petition of the landlord in the magistrate's Court should have been sustained on the ground that the petition of the landlord in the magistrate's Court did not allege any demand for possession of the premises and refusal of the tenant to deliver possession. No appropriate allegations having been made in the landlord's petition, this Court sustained the defendant's demurrer to the complaint. In the instant case the record discloses that the petition of the respondent in the magistrate's Court embodied appropriate allegations and that the rule to show cause issued by the magistrate was in proper form. We find no merit in the exceptions raising the second issue.

The Third Issue: Were There Issues of Fact for the Jury?

From what has been said in disposing of the first two issues raised by the exceptions, it follows that there were no questions of fact thereabout for determination by the jury.

Appellant contends that the testimony raised a question of fact for the jury as to whether or not there was an oral lease for the year 1940. Respondent appropriately pleaded the statute of frauds in the magistrate's Court and objected to all the testimony touching the question of an oral lease for 1940, for the reason that such testimony violated the statute of frauds under the pleading and the parol evidence rule. The sole testimony of the appellant concerning the alleged oral lease was to the effect that in November, 1939, he told one Stancill that "I was going ahead and plant some oats, and he said he did not care—he told me to go ahead and I planted nine or ten acres. He told me to go ahead and plant the oats, and I planted it." This testimony, denied by respondent, does not spell out an oral lease for 1940. We do not find the slightest testimony tending to establish that the respondent agreed to lease the property in question to the appellant for the year 1940. It would be a work of supererogation to review the testimony which has been referred to in disposing of the first and second issues raised by the appeal. The appellant admitted that he executed the written lease, that he knew it terminated on December 31, 1939, and that he would have to surrender possession on December 31, 1939; that he would have to move unless he got a lease for 1940; and that he knew that the property had been sold to DuBose in December.

The facts distinguish this case from *National Bank of South Carolina v. Peoples Grocery Co. et al.,* 153 S. C., 118, 150 S. E., 478. In that case the landlord permitted the tenant to remain in possession of the premises for several months after the expiration of the written lease and collected rent from the tenant, and that was an action by the landlord for unpaid rent. The landlord was there affirming the relation of landlord and tenant under the oral lease and the tenant had continued the possession with the admitted acquies-

cence and consent of the landlord. In the instant case the facts are uncontroverted, that the lease expired at the end of the calendar year 1939; that the respondent had notified the appellant of its desire and demand for possession of the property at the termination of the lease; and that when tenant failed to surrender possession at the end of December, 1939, the landlord's representative immediately went back on the property and demanded possession. Under these circumstances the magistrate could not have properly ruled that there was any testimony to go to the jury on the question of acquiescence by the landlord in the tenant's holding over, since the rule to show cause was issued by the magistrate on January 8, 1940.

This phase of the case appears to be governed by the fourth proposition announced in *Hillhouse v. Jennings,* 60 S. C., 392, 38 S. E., 596, 597, 599, in which case, this Court, speaking through Mr. Justice Gary, said: "If a landlord refuses to permit a tenant to enter on the premises under a parol lease, no action shall be brought to charge him upon such contract, even if the lease is not for a term exceeding 12 months."

The present case is similar to *American Oil Company v. Cox et al.,* 182 S. C., 419, 189 S. E., 660, wherein the magistrate directed a verdict in favor of the plaintiff for the possession of the property, the Court of Common Pleas affirmed the judgment of the magistrate and this Court affirmed the judgment of the lower Court. We have examined the testimony with great care and are satisfied that it presented no issues for determination by the jury. We find no merit in the exceptions raising the third issue.

All exceptions are overruled, and the judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER, FISHBURNE and STUKES concur.