**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert H. Breakfield, as attorney-in-fact, Respondent,

v.

Mell Woods, Appellant.

Appellate Case No. 2012-212318

———————

Appeal From Chester County
Brooks P. Goldsmith, Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-076
Submitted January 1, 2014 – Filed February 26, 2014

———————

**AFFIRMED**

———————

Mell Woods, of Lancaster, pro se.

B. Michael Brackett, of Moses & Brackett, PC, of
Columbia, for Respondent.

———————

**PER CURIAM:** Mell Woods appeals the circuit court's order, which affirmed the magistrate's court. Woods argues (1) the magistrate's court erred in proceeding with the summary ejectment action when Woods pled the defense of questionable title; (2) the rule to show cause notice provisions of sections 27-37-20 and 27-37-40 of the South Carolina Code (2007) are unconstitutional because they do

not provide a tenant thirty days to file an answer; and (3) it is unconstitutional to have two classes of litigants in South Carolina—landlords and tenants. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the magistrate's court erred in proceeding with the ejectment action when Woods pled the defense of questionable title: *Metro. Life Ins. Co. v. Stuckey*, 194 S.C. 469, 475, 10 S.E.2d 3, 5-6 (1940) ("[A] tenant cannot oust the magistrate of jurisdiction in [summary ejectment proceedings] . . . by the assertion of a superior title in himself . . . ."); *id.* at 475-76, 10 S.E.2d at 6 ("Otherwise any tenant, by merely denying the landlord's title or by asserting superior title in himself or in another, could oust the magistrate of jurisdiction and frustrate the plain and salutary object of the statute.").

2. As to whether the rule to show cause notice provisions of sections 27-37-20 and 27-37-40 are unconstitutional because they do not provide a tenant thirty days to file an answer: *Curtis v. State*, 345 S.C. 557, 569, 549 S.E.2d 591, 597 (2001) ("[An appellate c]ourt has a limited scope of review in cases involving a constitutional challenge to a statute because all statutes are presumed constitutional and, if possible, will be construed to render them valid."); *In re Justin B.*, 405 S.C. 391, 395, 747 S.E.2d 774, 776 (2013) ("A statute will not be declared unconstitutional unless its repugnance to the constitution is clear beyond a reasonable doubt."); *id.* ("The party challenging the statute's constitutionality bears the burden of proof.").

3. As to whether it is unconstitutional to have two classes of litigants in South Carolina—landlords and tenants: *A & I, Inc. v. Gore*, 366 S.C. 233, 242, 621 S.E.2d 383, 387 (Ct. App. 2005) ("Issues not raised to or ruled upon by the lower court are not preserved for appellate review.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.